Hinckley v. Primm.

RUTH Z. HINCKLEY, BY GUARDIAN, ETC.,

v.

ENOCH W. PRIMM, ADMINISTRATOR, ET AL.

*Wills—Construction of—The Word " Money."*

1. In the construction of wills the intent of the testator should, if possible, prevail.

2. Words of comprehensive import should be given their full extent of operation, unless some very distinct ground can be collected from the context, for considering them as used in a special and restricted sense.

3. In the case presented, this court holds that the word " money " in the will under consideration covered securities named.

[Opinion filed January 15, 1892.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. R. W. ROPIEQUET, for plaintiff in error.

Messrs. TURNER & HOLDER, for defendants in error.

GREEN, P. J. This is a proceeding in error to the Circuit Court of St. Clair County, by the guardian *ad litem* of plaintiff in error, a minor, involving the construction of the following will and testament:

" It is my desire that a.l the money I shall have at the time of my death shall be equally divided between my dear children, Mary Eugenia Davis, Russell Leveritch Hinckley, Jennie W. Menkins, Walter Raleigh Hinckley and my dear adopted child, Ruth Zenobia Hinckley, in rememberance of her loving kindness to poor sick mama. I also leave some silver to her, Ruth Zenobia, and clothing to my two daughters.

"Jane T. Hinckley.

" Witness by:
        " C. W. Harrison,
        " Amy B. Harrison."

The will was dated November 10, 1888. On December 10, following, testatrix died, leaving, as is alleged in the bill, the following property:

One large two-horse carriage, one old carriage, one double set of harness, two colts, two certificates of purchase of land in Washington County, Illinois, one one thousand dollar U. S. bond, two five hundred dollar bonds of the city of Belleville, one office desk, one promissory note in the sum of $300 and money amounting to the sum of $2.50.

The administrator filed a bill asking a construction of said will. By agreement the question was raised by a demurrer filed by the guardian *ad litem*, and the court below construed the will, that only cash money on hand at the time of the death of testatrix and the clothing and silverware mentioned in said will, passed by the same to devisees, and ordered the administrator, after payment of debts, to distribute all other property or estate, real, personal or mixed, as intestate estate. This decree is brought before us for review, and this court is asked to construe said will. On behalf of the defendants in error, it is contended the will consists of three specific bequests, viz.: money, silverware and clothing; that the money (consisting of $2.50) is bequeathed to the four children of testatrix and plaintiff in error, in equal shares of fifty cents each; the silverware to plaintiff in error, and the clothing to the two daughters; that all the rest of the estate is intestate. On behalf of plaintiff in error it is contended there can be no doubt that all the money and securities described, pass under the bequest of money.

Hinckley v. Primm.

It thus appears the point in controversy is, what was meant and included in the word " money," as used in said will. It would be useless to search among adjudicated cases for a fixed and settled definition of the word "money " when used in a will. In some cases it has been held a gift of money does not include stock in public funds. In some cases it has been held a bequest of money includes only coin currency or bank notes, and promissory notes, bonds and mortgages, or other securities, do not pass under such bequest. In other cases it is held that money may include all personal property, if that be the clear intention of the testator. 2 Jarman on Wills, notes to p. 353. Notwithstanding these marked differences between the conclusions reached by the courts as to the scope and meaning of the word "money " when used in a will, no difficulty need arise in giving to that word its proper and correct interpretation in a given case, if the rule that the intent of the testator is to be effected, is observed. In the application of this rule, the disposition of courts of the present day is to give words of comprehensive import their full extent of operation, unless some very distinct ground can be collected from the context, for considering them as used in a special and restricted sense. 2 Jarman on Wills, 364; 1 Red. on Wills, 442.

" In every case calling for the construction of wills, the intent of the testator is the cardinal rule, and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail, although in giving effect to it, some words should be rejected, or some restrained in their application, so as materially to change the literal meaning of the particular sentence." Finlay v. King's Lessee, 3 Pet. 346, cited and approved in Decker v. Decker, 121 Ill. 341.

Under this rule of universal application, the construction given to the clause in question in the court below is not correct, in our judgment. By that construction, a restricted meaning is given to the word "money," not contemplated by the testatrix, and her real intention would be defeated. It seems to us quite unreasonable to hold that a legacy of fifty cents and some silver, was all the testatrix intended to bequeath to plaintiff in error in remembrance of her loving kindness to the mother who had adopted her, and die intestate as to

the bulk of her estate.    We hold the fair and reasonable construction of the clause in question is, that the testatrix regarded those evidences of indebtedness, consisting of the $1,000 U. S. bond, the $1,000 of Belleville city bonds, and the promissory note for $300, which she had when she died, as money, and intended those securities, as also the small amount in cash, to be included in the bequest to her four children and her adopted child, and that plaintiff in error is entitled, under said will, to one-fifth share of said securities and cash, and to the silver left by said testatrix, and that each of the four other legatees named in said will is in like manner entitled to one-fifth share of said securities and cash, and that the two daughters named in the will are entitled in equal shares, to the clothing left by the testatrix, and all the other property of which she died possessed, is intestate property.

A case quite analogous to this, fortifying our construction and justifying us, perhaps, in including all the personal property of the testatrix in said bequest, is Decker v. Decker, 121 Ill. 341.

The following clause of a will was before the court to be construed: "If there is any money remaining after my death, it shall be equally divided between Rosina Decker and Homer Decker."

It was contended on behalf of plaintiff in error that by this clause the testator intended to include the amount of actual cash in his possession at the time of his death, and nothing more.    The personal estate consisted of $368.70 in cash, and $7,592.75 loaned out, and not over $100 in other personalty. Held, that under the true construction of the meaning of the words "any money remaining," as intended by the testator, the legatees named took the entire personal property, after payment of debts and funeral expenses, including the money loaned.    In our judgment the decree of the Circuit Court is erroneous, and it is reversed.    The cause is remanded, with directions to that court to enter a decree giving a construction to the will of said Jane T. Hinckley, and ordering said administrator to distribute and pay over to the legatees their respective shares and legacies in conformity with this opinion.

*Reversed and remanded.*