[Civ. No. 9612. First Appellate District, Division Two.—November 15, 1934.]

In the Matter of the Estate of ISABELLE G. BOYLE, Deceased. ELLEN GHEEN, as Administratrix With the Will Annexed, etc., Appellant, v. MARY BOYLE et al., Respondents.

Joseph Farry for Appellant.

Eugene H. O'Donnell for Respondent.

SPENCE, J.—This is an appeal by Ellen Gheen, the administratrix with the will annexed of the estate of Isabelle G. Boyle, deceased, and one of the legatees under the will of said deceased, from certain portions of the decree of final distribution.

Isabelle G. Boyle died testate on December 13, 1932, leaving a holographic will dated May 9, 1928, the main provisions of which will were as follows:

"I give to my sister-in-law Rachel Boyle my diamond pin and my watch in remembrance of her kindness to my Mother while she lived and to me after her death.

"I give to Sacred Heart Church $200.00 for Masses for the deceased members of my family.

"*All other money* I may die possessed of after all my bills are paid, I wish divided in six (6) equal parts—1 part for Rachel Boyle—1 part Mary Boyle—(my sisters in law 1 part for the children of my deceased Brother Edward Boyle—1 part for Annie Wilkinson—1 part for my sister Ellen Gheen 1 part for my God-child Eleanor Wilkinson.

"I give to my sister Ellen F. Gheen the deeds of the grave in Holy Cross cemetary with the use of the grave not yet opened (all others having been disposed of—*also all my personal property not all ready disposed of.*

"I give to my friend Mrs. E. Burke of 308 Waller St. (for her kindness to me) $400.00." (Italics ours.)

Upon the hearing of the final account the trial court found that the following constituted the estate subject to distribution: Money in bank, $1127.72; diamond pin, appraised at $50; watch, appraised at "no value"; and cor-

porate stocks, appraised at $6,122. In the decree of final distribution the trial court concluded "that the words 'all other money I may die possessed of after all my bills are paid', include and were intended by said testatrix to include not only the moneys in bank, but also the corporation stock left by her at the time of her death". The trial court accordingly distributed the stock under the third paragraph of the will relating to "all other money" and not under the fourth paragraph of the will relating to "all my personal property not all ready disposed of". This appeal is taken from those portions of the decree which so distribute the said stock.

Appellant contends that the trial court erred "in deciding that the third bequest in the will of all other money of which the testatrix died possessed included the shares of corporation stock". In our opinion this contention must be sustained. The entire question revolves around the meaning of the word "money" as employed in paragraph three of the will. ▮ Section 106 of the Probate Code provides: "The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that can be ascertained." There is no doubt that the word "money" when taken in its ordinary and grammatical sense does not include corporate stocks. Thompson on Wills, section 215, says, "In its usual and ordinary acceptance it means, gold, silver, or paper money used as a circulating medium of exchange, and does not embrace notes, bonds, evidence of debt, or other personal or real estate, and this popular and well understood meaning should be given to the word when used in a will, unless from a consideration of the entire instrument it was intended by the testator to have a broader meaning and to include notes, bonds and other securities." Also in 18 Ruling Case Law, at page 1270, we find the following: "Where there is nothing in a will calling for a construction of the word 'money' in any other than its popular and legal meaning it will be confined to gold and silver and other circulating medium of the country, whether in the personal possession of the testator or deposited in the bank." (See, also, 14 C. J., p. 388, sec. 511; Redfield, Law of Wills, p. 413.)

Turning to the will before us we find nothing contained therein to justify the conclusion that the word "money" was used in the third paragraph thereof in any sense other than its ordinary and accepted meaning. Although the will was drafted by the testatrix herself, it is singularly clear and unambiguous. It contains bequests of certain specific sums and certain specific personal effects. Paragraph three disposes of "all other money" and paragraph four disposes of "all my personal property not all ready disposed of". The only real property was a cemetery lot and, while this was also disposed of by paragraph four of the will, it was not listed in the inventory, the final account or the decree of final distribution. It is mentioned here only to show that the will as drawn by testatrix made complete disposition of her entire estate and therefore no intestacy will result as to any portion of said estate. We therefore conclude that as the will disposed of the entire estate of the testatrix in clear and unambiguous terms and as it contained nothing to show an intention to use the word "money" in any broad and extended sense, said word must be confined to its ordinary meaning and scope which does not include corporate stocks. It follows that the corporate stocks should not have been distributed under paragraph three of the will but should have been distributed to appellant under paragraph four of the will.

We are fully aware that the word "money" has been given a broader significance under certain circumstances. Respondents cite and rely upon *Estate of Carrillo,* 187 Cal. 597 [203 Pac. 104] , *Estate of Miller,* 48 Cal. 165 [17 Am. Rep. 422], and other similar cases. An examination of these authorities shows that in each case the intention to use the word "money" in an extended sense appeared upon the face of the will and in most of the authorities cited it was absolutely necessary to adopt the extended meaning in order to avoid intestacy. There is not a single one of the authorities cited which sustains respondents' contentions under the circumstances before us and the rule as stated and applied here is fully supported by the statement found in the opinion in the *Estate of Miller, supra,* at the bottom of page 169. We may further point out that the result of adopting respondents' construction of the will would be to ignore and to deny any effect to the residuary

clause in favor of appellant contained in paragraph four of the will. This would violate one of the cardinal rules of construction as embodied in section 103 of the Probate Code which provides: "All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole."

The portions of the decree of final distribution from which this appeal was taken are reversed with directions to the court below to enter a decree consistent with the views expressed herein.

Nourse, P. J., and Sturtevant, J., concurred.