[Civ. No. 22785. Second Dist., Div. One. June 27, 1958.]

BERNICE LUNDIN, Respondent, v. HALLMARK PRO-
DUCTIONS, INC. (a Corporation), Appellant.

Jerome D. Savenick for Appellant.

Max Fink, Cyrus Levinthal and Emmet G. Lavery, Jr., for Respondent.

FOURT, J.—This is an appeal from a judgment wherein the court determined that the plaintiff was entitled to a declaration of rights sought by the complaint, and a money judgment in the sum of $3,500, together with interest and costs.

The plaintiff's action was stated in one count and prayed for declaratory relief to determine that the sum of $3,500 was due on July 22, 1953, and that the plaintiff was entitled to have judgment for such amount. The complaint set forth that the plaintiff was the assignee of the claim against the defendant, that on April 21, 1953, an agreement had been entered into as follows:

"Hollywood, California
April 21st, 1953

"Mr. Kroger Babb, President
Hallmark Productions, Inc.
9100 Sunset Boulevard
Hollywood 46, California

"Dear Mr. Babb:

"The undersigned do hereby warrant and represent that they are the sole general partners in a limited partnership known by the firm name Larry Lansburgh Productions and that as such general partners they do have the authority to sell a certain feature-length film, tentatively entitled 'Mystery Lake.'

"We will accept your offer of $72,500.00 in cash for world wide negative rights and complete ownership of said picture,

and upon the payment of same, deliver to you the complete, finished 35 mm color (an Ansco composite), the original 16 mm negative, dubbed sound track, all individual voice, music and sound-effects tracks, etc., all dubbing units, all out-takes, except those which under contract we must return to Karl Maslowski, all still negatives, all prints thereof, all trailer negatives and tracks in their present incomplete form which we own, the answer print and a satisfactory bill of sale.

"It is our mutual understanding, attested by our signatures hereto, that your purchase of this picture will be finalized by July 22nd, 1953 or that if the sale is not complete by that date you will pay to us on July 22nd, 1953 $3,500.00 which will entitle you to a sixty (60) day extension of this option to purchase.

"We further agree to deliver to you immediately after the completion of this sale the only other 35 mm color print of this picture in existence, at the price of $600.00, and to warrant and guarantee that no other prints have been made or do exist.

"This agreement will run for the benefit of your transferees or assignees, whether individual or corporate.

| "Very truly yours, | ACCEPTED AND AGREED TO |
| "LARRY LANSBURGH PRODUCTIONS | HALLMARK PRODUCTIONS, |
| by /s/ LARRY LANSBURGH | Inc. |
|     Larry Lansburgh | by  KROGER BABB  /s/ |
|   /s/ RALPH LAZARUS |     Kroger Babb, |
|     Ralph Lazarus |     President" |

It was then set forth in the complaint that a dispute had arisen between the parties; that the plaintiff contended that $3,500 became due to plaintiff's assignor on July 22, 1953; that defendant contended that nothing was due plaintiff, and it was not required to pay any sum under the agreement. The court found on all issues for the plaintiff, and judgment was entered accordingly.

Appellant contends that the court erred in its construction of the agreement; that the court erred in excluding extrinsic evidence with reference to a letter from the plaintiff's assignor to the defendant, written on April 21, 1953, and all testimony of the defendant and other witnesses as an aid to construing the agreement, and that the trial court erred in failing to render judgment for the defendant upon the evidence and the pleadings.

The trial court by its judgment, in substance, interpreted

the document as an agreement of sale and purchase upon the part of the respective parties; that Larry Lansburgh Productions agreed to sell and deliver to the defendant, the subject motion picture on July 22, 1953, in exchange for the payment of $72,500 on that day by the defendant; that if the purchase of the picture was not finalized or completed by July 22, 1953, then and in such event, the defendant was to pay Larry Lansburgh Productions the sum of $3,500, in order to secure a 60-day extension of its obligation to pay the total sum of $72,500.

Whether a contract is, in any of its terms or provisions, ambiguous or uncertain is a matter of determination, in the first instance, by the trial court. This court is not bound by the trial court's determination where such determination has been made without resort to extrinsic evidence. (*Stevenson* v. *County of San Diego*, 26 Cal.2d 842 [161 P.2d 553]; *Meyer* v. *State Board of Equalization*, 42 Cal.2d 376 [267 P.2d 257]; *Rutherford, Inc.* v. *Rouse*, 120 Cal.App.2d 129 [260 P.2d 808]; *Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825].)

However, it is also the rule that where no extrinsic evidence has been introduced, the interpretation placed upon the contract by the trial court will be accepted by this court if such interpretation is reasonable, or if the interpretation of the trial court is one of two or more reasonable constructions of the instrument. (*Adams* v. *Petroleum Midway Co., Ltd.*, 205 Cal. 221 [270 P. 668]; *McNeny* v. *Touchstone*, 7 Cal.2d 429 [60 P.2d 986]; *Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal. 576 [300 P. 34]; *City of Manhattan Beach* v. *Cortelyou*, 10 Cal.2d 653 [76 P.2d 483]; *Teater* v. *Good Hope Dev. Corp.*, 14 Cal.2d 196, 210 [93 P.2d 112]; *Estate of Northcutt*, 16 Cal. 2d 683 [107 P.2d 607].)

We believe the interpretation placed upon the instrument by the trial court is a reasonable one.

Appellant asserts that because of the use of the word "option" in the third paragraph of the contract, the agreement is uncertain and ambiguous, and therefore the court should have permitted the introduction of extrinsic evidence.

The parol evidence rule (Code Civ. Proc., § 1856) however does not apply to every situation where there may seem to be some ambiguity. The rule is well set forth in *Palma* v. *Leslie*, 6 Cal.App.2d 702, at pages 706-707 [45 P.2d 391]: "Merely because a contract may appear ambiguous by reason of loose phrasing, or mutually repugnant provisions, manifestly does

not in every instance justify a resort to parol evidence. If the rule were otherwise, endless confusion would result. As pointed out in an early case by Justice Story, wherein he was attempting the delicate task of differentiating between patent and latent ambiguities—'if the language be too doubtful for any settled construction, by the admission of parol evidence you create, and do not construe, the contract. You attempt to do that for the party which he has not chosen to do for himself; and the law very properly denies such an authority to courts of justice.' (4 Jones' Commentaries on Evidence, 2d ed., p. 2828.) Or, as stated by the late Justice Henshaw, in *United Iron Works* v. *Outer H. etc. Co.*, 168 Cal. 81 [141 P. 917] . . .: 'The rule is well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties, and parol evidence of prior, contemporaneous or subsequent conversations, representations or statements will not be received for the purpose of adding to, or varying the written instrument.' (See also Civ. Code, § 1625; citing cases.) It is rudimentary, of course, that when seeming uncertainties can be removed from a contract by the application of statutory or other established rules of interpretation, the instrument, in law, is not ambiguous.''

The trial court in this case applied the rules of construction as provided in the Civil Code, sections 1635-1662, by first ascertaining the intentions of the parties from the written instrument itself. No single word was relied upon as being controlling, but rather the court considered the whole, that is, each clause as it interpreted the others.

It was apparent and appeared reasonable to the trial court that the general intent of the agreement was one of purchase and sale, and not of an option, and such interpretation appears to us as being at least one of the reasonable constructions which can be placed upon the writing. The sellers first warrant that they are the owners and have the present right to sell the film; the sellers then agree that upon payment of the $72,500 they will deliver the material to the buyers; the language is not that the sellers will accept the offer of an option, but the acceptance of an offer of $72,500 in cash for the rights and ownership. Next the sellers state ''your *purchase* of this picture will be finalized by . . . or . . . if the sale is not completed by that date *you will pay to us*.'' In our

opinion, had an option been intended, such language as above set forth would not have been used.

At the trial the appellant offered in evidence a letter dated April 21, 1953, from Larry Lansburgh to the defendant. Defendant's counsel represented that it was evidence of an agreement made contemporaneously with the basic agreement, and that it would show an admission against interest. An objection was made and sustained to the introduction of such letter upon the ground that it would have a tendency to, or would attempt to vary the terms of the basic agreement. Counsel for the defendant then stated that it would explain various portions of the contract. The proffered evidence, in our opinion, did not come within the provisions of section 1642, Civil Code, for the reasons, among others, that the letter was not between the same parties, and that the subject matter is different.

Even assuming that there is some ambiguity in the agreement, it would appear that it is a patent ambiguity and not a latent one, and therefore, under the circumstances, cannot be explained by parol evidence. (See *Mesick* v. *Sunderland*, 6 Cal. 297; *Poorman* v. *D. O. Mills & Co.*, 39 Cal. 345 [2 Am. Rep. 451]; *Brannan* v. *Mesick*, 10 Cal. 95; *People* v. *S. F. Savings Union*, 31 Cal. 132; *Brandon* v. *Leddy*, 67 Cal. 43 [7 P. 33]; *Cadwalader* v. *Nash*, 73 Cal. 43 [14 P. 385]; *Hall* v. *Bartlett*, 158 Cal. 638 [112 P. 176].)

Furthermore, the defendant's pleadings do not raise the question of any ambiguity. (See *Hotchkiss* v. *Nelson R. Thomas Agency, Inc.*, 96 Cal.App.2d 154 [214 P.2d 568].)

Appellant further contends that the agreement being an option, and not a contract of purchase and sale, the provision for the $3,500 payment was a penalty and therefore void. If it was an option, as contended by the appellant, there might well be some merit to the contention, but the trial court held, and we think properly so, that it was not an option, and we therefore are of the opinion that under the circumstances, the language in *White* v. *City of San Diego*, 126 Cal.App. 501 [14 P.2d 1062] is not pertinent to this case.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.