[Civ. No. 6479. Fourth Dist. Sept. 7, 1961.]

MARGARET A. JANISE, Respondent, v. ALICE DOROTHY JANISE, as Administratrix with the Will Annexed, etc., Appellant.

Charles A. Pratt for Appellant.

James Edgar Hervey for Respondent.

COUGHLIN, J.—This is an appeal from a judgment in favor of the plaintiff, who is the respondent herein, upon a claim against the estate of her former husband, arising out of a property settlement agreement. The issue on appeal involves a determination whether the claim in question is based on an obligation for support and maintenance which terminated upon the former husband's death.

Prior to obtaining a divorce, the plaintiff and her former husband entered into a property settlement agreement which, in substance, divided their community property and, in separate paragraphs provided: (1) that the husband monthly should pay the plaintiff the sum of $200 or one-third of his net monthly income, whichever was the greater, "for the wife's support and maintenance and in settlement of the division of the community property," and (2) that the husband should "pay and hold the wife free from liability on account of encumbrances owing on the real property" conveyed to her, i.e., the home place, "as a further contribution toward her support and maintenance until said encumbrances are satisfied."

A supplement to this agreement provided that "until the husband satisfies the encumbrances owing on the real property awarded the wife . . . the monthly payments on said encumbrances . . . shall be an additional minimum requirement for the wife's support and maintenance, i.e., Two Hundred Dollars ($200.00) per month" and the husband shall be given credit for any monthly payments so made against any amount over $200.00 which he might be obligated to pay the wife on account of his promise to pay her one-third of his net monthly income.

Thereafter, in an action for divorce filed by the wife, a decree was entered which granted her a divorce; confirmed, ratified and approved the property settlement agreement, which was attached thereto and made a part thereof "as though set forth in full"; ordered and directed the parties to carry out the provisions of the property settlement agreement; decreed that the husband should pay the plaintiff each month a sum equal to one-third of his net monthly income or $200, whichever might be greater, "for said plaintiff's support and maintenance"; "further" decreed that the husband should pay and hold the plaintiff free from liability on account of the encumbrances owing on the home place; and, following substantially the language of the supplement to the property settlement agreement, directed that the monthly

payments on the encumbrances should be an additional minimum requirement for the plaintiff's support and maintenance and should be allowed as a credit against the one-third monthly income payments in excess of $200.

About a year and a half later, the parties entered into a stipulation, which grew out of the husband's delinquencies under the aforesaid order, whereby they agreed to compromise the amount of the delinquency and also agreed that in the future "the support and maintenance payable by the defendant [the husband] to the plaintiff [the wife]" should be made as follows: "The defendant will pay to plaintiff the sum of Three Hundred Thirty-four Dollars ($334.00) per month by the 10th of each month to apply on said support and maintenance and the house payments; that as the encumbrances on said real property are paid off the payments may be reduced accordingly."

The judgment appealed from directs payment of the unpaid balance of the encumbrances in question which, at the time of the husband's death, totalled $8,133.01.[1] The appellant herein, who is the administratrix of the estate of the deceased husband, contends that under the foregoing state of facts the obligation to pay the encumbrances on the property awarded the wife was an obligation for the support and maintenance of the wife and, under the provisions of section 139 of the Civil Code, terminated upon the death of the husband.

Pertinent parts of that section provide: "Except as otherwise agreed by the parties in writing, the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall terminate upon the death of the obligor . . ."

The interlocutory decree of divorce heretofore referred to, which in general terms approved the property settlement agreement of the parties and in specific terms ordered the husband to pay support and maintenance to the wife and directed him to comply with the provisions respecting payment of the encumbrances, has become final, and any questions concerning the propriety of the provisions of that decree are not subjects of controversy before this court. Although the interlocutory decree approved generally the property settlement agreement, and by reference made the terms of the

---

[1]In reality the judgment was in plaintiff's favor on two causes of action and against her on two causes of action. Each cause of action involved different obligations. The appeal is from only that part of the judgment on the cause of action based on the obligation to pay the encumbrances in question.

agreement a part of the decree, it specifically decreed that the husband should pay the plaintiff each month, for her support and maintenance, either one-third of his monthly income or $200, whichever was the greater, and, in an equally specific manner, "further" decreed that the defendant should pay and hold the plaintiff free from liability on account of the encumbrances on the home place. It will be noted that the divorce court, in the latter provision, did not adopt the language of the property settlement agreement that the obligation to pay and hold the wife free from liability on account of these encumbrances was "a further contribution toward her support and maintenance until said encumbrances are satisfied." The decree, by its specific provisions, has interpreted this part of the agreement; has omitted language which might create an ambiguity; and completely separated the obligation to support and maintain the wife from the obligation to pay and hold her free from liability on account of the encumbrances on the home place. We do not have for determination the question whether, under the circumstances presented to the divorce court, the two provisions under consideration were separable; that court actually has separated them; and, right or wrong, that action is final under the record before us.

"Certainly the judicial interpretation of an agreement binds the parties to the extent that they do not attack the determination by appeal from the judgment construing the provisions in controversy." (*Moore* v. *Wood,* 26 Cal.2d 621, 629 [160 P.2d 772].)

The court in the divorce action may have determined that the husband's promise to pay and hold the wife free from liability on account of the encumbrances owing on the property awarded to her was made in consideration of a *pro tanto* discharge of his obligation of support and maintenance. Under such a construction, the former obligation was independent of the latter, having been substituted in place thereof, and would not be subject to the provisions of the code with respect to termination of the obligation of support and maintenance upon death of the obligor.

Neither the provisions of the property settlement agreement nor those of the divorce decree, with respect to the husband's obligation to pay and hold the wife free from liability on account of encumbrances, provided when or in what manner this obligation should be discharged. However, it appears that the encumbrances must have been payable monthly and the parties contemplated that the husband should make such

monthly payments, because that part of the interlocutory decree which incorporates the supplemental agreement refers to the "defendant's monthly payments on the encumbrances owing on the real property awarded to the" wife. Contrary to the defendant's contention, the provisions in the supplemental agreement, that "until the husband satisfies the encumbrances owing on the real property awarded the wife . . . the monthly payments on said encumbrances on said real property shall be an additional minimum requirement for the wife's support and maintenance, . . . and the husband shall during any given month be entitled to credit the amount of said payments on the said real property against the amount, if any, that one-third (⅓) of the husband's net income exceeds the sum of Two Hundred Dollars ($200.00) for said month," do not classify the husband's obligation to pay and hold the wife free from liability on account of such encumbrances as an obligation for support and maintenance. The obvious purport of these provisions is to allow the monthly payments on the encumbrances as a credit on the husband's obligation to pay the wife one-third of his net monthly income for her support and maintenance. The divorce court specifically incorporated these provisions of the supplemental agreement in its decree but omitted the provisory words "until the husband satisfies the encumbrances." We regard the omission as of no consequence. Furthermore, any attempted classification of the monthly payments to be made by the husband would not classify his basic obligation which was twofold, i.e., (1) to pay the total of the encumbrances owing on the home place, and (2) to hold the wife free from liability on account thereof, and which was independently set apart and expressed in the interlocutory decree.

 In support of her position, the defendant places great reliance upon the effect of the stipulation resulting in the order of modification. However, this order, in directing that "the support and maintenance payable by the defendant [the husband] to the plaintiff [the wife] will be made" by the payment of $334 "to apply on said support and maintenance and the house payments," did not change the character of the obligations defined in the former decree. The court did not modify the provisions of the decree directing the defendant to "pay and hold the plaintiff free from liability on account of the encumbrances owing" on the home place. The modification, for the first time, expressly required the

husband monthly to pay an amount in addition to the $200 minimum support and maintenance payment. It appears that the house payments totalled $134 per month. Although the parties may have contemplated that the husband should make these monthly payments, nowhere in the property settlement agreement did he expressly agree to do so. His total agreement was to pay the amount owing on the encumbrances and to hold the wife free from any liability on account thereof. Instead of making the payments himself, which apparently was what he had done in the past, by the modifying order the husband was required to make all monthly payments to the wife. The loose use of language in the stipulation which refers to the ''support and maintenance payable by the defendant to the plaintiff,'' is clarified by that which ensues and provides that the husband shall pay the wife a stated sum ''to apply on *said* support and maintenance *and* the house payments.'' (Emphasis added.) The defendant's contention that this stipulation and order classified the house payments as support and maintenance, and also classified the obligation to make the house payments as an obligation of support and maintenance, is without merit. The obvious purpose of the stipulation and order was to require the husband to make a total monthly payment to the wife of $334 covering both his obligation to support and maintain her and his obligation to pay off the encumbrances on the home.

The property settlement agreements and the decrees of the court in all instances have recognized two distinct obligations imposed upon the husband; one was to support and maintain the wife; and the other was to pay the encumbrances on the home. The last order on the subject recognized this distinction in the manner noted and gave further recognition thereto by providing that after the encumbrances on the real property were paid the payments to be made by the husband would be reduced accordingly.

Furthermore, the modifying order, and the stipulation upon which it was based, did not purport to change the provisions of the interlocutory decree adjudicating the nature of the property settlement provisions respecting the obligation of the husband to pay and hold the wife free from liability on account of the encumbrances on the real property awarded to her. The interlocutory decree unequivocally sets forth that obligation as one independent of the obligation to support, and the provisions in the stipulated order that the

"support and maintenance" payable by the husband to the wife should be made by the payment of $334 per month to apply on "said support and maintenance" and also on the "house payments" do not impliedly modify the explicit provisions in the original decree with respect to the basic nature of the obligation to make the house payments in question.

An alternative ground in support of the judgment herein lies in the provisions of the property settlement agreement, which the trial court interpreted as an agreement between the parties that the subject obligation should not terminate upon death of the husband. ▮ In the absence of conflicting extrinsic evidence as to the meaning of a written instrument the interpretation placed thereon by the trial court is not binding on appeal. (*Messenger* v. *Messenger,* 46 Cal.2d 619, 626 [297 P.2d 988]; *Fox* v. *Fox,* 42 Cal.2d 49, 52 [265 P.2d 881].) Nevertheless, where the subject instrument is susceptible of two or more equally reasonable interpretations, that adopted by the trial court will be accepted on appeal. (*Estate of Northcutt,* 16 Cal.2d 683, 690 [107 P.2d 607]; *Estate of Stadler,* 177 Cal.App.2d 709, 713 [2 Cal.Rptr. 515]; *Molybdenum Corp. of America* v. *Kasey,* 176 Cal.App.2d 357, 364 [1 Cal.Rptr. 400]; *Lundin* v. *Hallmark Productions, Inc.,* 161 Cal.App.2d 698, 701 [327 P.2d 166].) The property settlement agreement before us contained two very significant paragraphs, i.e., "TWELFTH: The terms and provisions of this agreement shall be, and they are hereby, made binding upon the heirs, administrators, executors, or assigns of the respective parties thereto," and "THIRTEENTH: The following provisions of this agreement shall extend to, and be binding upon, the property, estate, heirs, successors, assigns, executors and administrators *of the husband.* Any provisions hereinbefore set forth in conflict with this paragraph are of no force or effect." (Emphasis added.) The husband's agreement to pay and hold the wife free from liability on account of the house encumbrances is one of the "following provisions" referred to in the paragraph designated "THIRTEENTH." The former paragraph contains those provisions ordinarily used to express an intent to bind a party's estate. The latter paragraph contains provisions directed solely to the husband's obligation and to his estate. ▮ The provisions of this paragraph which, in substance, direct that the obligation of the husband to pay and hold the wife free from liability on account of the encumbrances owing on the home place should "extend to" the

estate of the husband, constitute an agreement that this obligation shall not terminate upon his death. The trial judge aptly stated his opinion in the premises when he said: "It cannot be assumed that the parties were doodling when Paragraph Thirteenth was written." ▮▮▮ It is a fundamental principle of construction that, if reasonably practicable, effect must be given to every part of a contract. (Civ. Code, § 1641; *Ghirardelli* v. *Peninsula Properties Co.*, 16 Cal.2d 494, 496 [107 P.2d 41]; *Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108, 115 [291 P. 184].) The conclusion of the trial judge and our concurrence therein comply with this principle of law. As a consequence, assuming the application of the provisions of section 139 of the Civil Code to the obligation in question, the death of the obligor did not terminate that obligation because the parties thereto had "otherwise agreed . . . in writing."

The defendant cites the case of *Hilton* v. *McNitt*, 49 Cal.2d 79 [315 P.2d 1], in support of her position. The facts in the cited case involved the provisions of a property settlement agreement for support and maintenance during a specified time, and did not contain any provisions similar to that set forth in paragraph Thirteenth of the agreement in the case at bar. The case relied upon is applicable to the matter at hand because of our conclusion that the agreement to pay and hold the wife free from liability on account of the encumbrances on the property awarded to her did not constitute an obligation for support and maintenance and, even assuming the contrary, the parties through paragraph Thirteenth of their property settlement agreement have expressed an intention that the obligation in question should not terminate upon the death of the obligor.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.