Filed 3/4/25  Rathor v. Rathor CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JACQUELINE E. RATHOR, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DIANA SMITH RATHOR, <br><br> Defendant and Appellant; <br><br> JOHN JACOBS, as Trustee, etc., <br><br> Defendant and Respondent. | 2d Civ. No. B335853 <br> (Super. Ct. No. 2023PRTR016493) <br> (Ventura County) |

Diana Smith Rathor appeals an order directing the inclusion of the sale proceeds of a painting (sale proceeds) in the trust of Gabriele M. Blackburn, and ordering their distribution to

Jacqueline E. Rathor and Raiendra "Rai" Rathor.[1]  (Prob. Code,[2] §§ 850, subd. (a)(3)(B), 17200, subd. (b)(1) & (4).)  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Johanna Margarete Stern (Margarete) owned a painting by the artist Wassily Kandinsky entitled *Blick auf Murnau mit Kirche* (the painting).  The painting was looted from her home in Germany during the Nazi era.  Margarete died in Auschwitz in 1944.  The painting was later found in a museum in the Netherlands.

After decades-long efforts by Margarete's descendants to recover the painting, in 2022 Dutch authorities ordered the painting to be "restored" to her "heirs," including a one-twelfth share to the heirs of one of Margarete's grandchildren, Gabriele M. Blackburn.  In March 2023, the painting was sold at auction.

Gabriele had one child, Rajendra "Raj" Singh Rathor.  Raj and his first wife Angela had two children (Gabriele's grandchildren), Jacqueline and Rai.  In 1998, Raj married his second wife, Diana.  Diana thus became Gabriele's daughter-in-law.  Raj and Diana did not have children together.

Gabriele, widowed since 1987, established the Gabriele M. Blackburn Separate Property Living Trust in 1990 (the trust).  The sixth amendment and restatement of the trust (restated trust), dated May 21, 2013, included the following:

Paragraph 1.3 of the restated trust assigned, transferred,

_____

[1] Because some of the individuals share the same last name, we refer to them by their first names.  No disrespect is intended.

[2] All undesignated statutory references are to the Probate Code.

2

and conveyed to the trust "all of her right, title and interest in and to the property described in Schedule 'A.' " Schedule A listed three items: a brokerage account, a publishing business, and "[j]ewelry, clothing, household furniture and furnishings, personal automobiles and other tangible articles of a personal nature."

Paragraph 2.4 (later amended) of the restated trust, entitled <u>Distribution of Tangible Personal Property</u>, provided for distribution of "all of Settlor's jewelry, clothing, household furniture and furnishings, personal automobiles and other tangible articles of a personal nature, or Settlor's interest in any such property" to Raj, or if he did not survive, to Diana. Paragraph 6.8 provided that "paragraph titles or captions . . . are for convenience only and shall not be deemed a part of this Trust instrument."

Paragraph 2.8 of the restated trust provided for distribution of "the residue of the Trust estate (including any additions made by the Will of Settlor, or by the proceeds of any life insurance, retirement plans, or otherwise)" to Raj, or if he did not survive, to Diana.

Paragraph 4.2 of the restated trust stated, "Other property acceptable to the Trustee may be added to this Trust by any person, by the Will of Settlor, and by the proceeds of any life insurance policy, retirement plans, or otherwise."

The record before us does not include a will. But it includes correspondence from an attorney who refers to "the Settlor's Will dated May 21, 2013, which left everything to the Trustee of the Trust, and then would be distributed out of the Trust to the entitled beneficiary." This appears to be a "pour-over" will. (See § 6300; *Blech v. Blech* (2018) 25 Cal.App.5th 989, 992-993.)

3

Raj died in November 2013, survived by Gabriele, Jacqueline, Rai, and Diana. In March 2015, Gabriele signed the seventh amendment to the trust. New paragraph 2.4 designated Jacqueline and Rai rather than Diana to receive "all of Settlor's jewelry, clothing, household furniture and furnishings, personal automobiles and other tangible articles of a personal nature, or Settlor's interest in any such property." The seventh amendment also changed the recipient of the publishing business from Diana to Jacqueline, increased cash bequests to Jacqueline and Rai, and deleted a cash bequest to Diana's daughter from a previous marriage. The amendment did not change the remaining relevant provisions, including leaving the residue to Diana. Gabriele died two months later in May 2015.

In November 2023, Jacqueline filed a petition for an order confirming that a one-twelfth interest in the painting and its sale proceeds were assets of the trust, and instructing the trustee to distribute that interest in equal shares to Jacqueline and Rai. (§§ 850, subd. (a)(3)(B), 17200, subd. (b)(1) & (4).) Jacqueline served Diana with notice of the hearing by mail but Diana was out of state and did not learn of the hearing before it was held.

No court reporter was present at the hearing. Following argument, the trial court found all allegations in the petition were true and granted the petition. The court found that a one-twelfth interest in the painting "is a personal property asset" of the trust, and a one-twelfth interest in the sale proceeds "is an asset of" the trust. The court ordered that one-twelfth of the sale proceeds be distributed in equal shares to Jacqueline and Rai after deducting the trustee's reasonable fees and costs. The court also awarded reasonable attorney's fees and costs.

Diana filed an application to set aside the order, alleging

4

that her failure to receive the mailed notice until after the order was made constituted excusable neglect, and that she was entitled to the one-twelfth share of the sale proceeds. (Code Civ. Proc., § 473, subd. (b).) After argument, the trial court denied the application. The written order did not state the basis for the decision, and there is no reporter's transcript.

DISCUSSION

*Forfeiture*

Diana appeals only from the order granting Jacqueline's petition and does not appeal from the denial of her application to set it aside.[3] Diana does not contend that Jacqueline failed to provide notice of the hearing as required by law. (See §§ 851, 1215, subd. (a), 17203.)

Diana contends the sale proceeds were improperly included in the trust as a trust asset. Alternatively, she contends the sale proceeds are part of the residue of the Trust as opposed to a personal property asset. But by failing to participate in the motion on the petition, Diana forfeited the right to raise those issues on appeal. (*Breslin v. Breslin* (2021) 62 Cal.App.5th 801, 806.) "Although we have the discretion to consider for the first time on appeal an issue of law based on undisputed facts, we will not consider a new issue where the failure to raise the issue in the trial court deprived an opposing party of the opportunity to present relevant evidence that, if considered by the trial court, might have affected its ruling." (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 696.) We decline to

---

[3] Denial of relief pursuant to Code of Civil Procedure section 473, subdivision (b), is not appealable in probate matters. (*Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 576, citing *In re Estate of O'Dea* (1940) 15 Cal.2d 637, 638.)

5

consider issues not raised at the hearing on the petition.

*Standard of review*

The probate court's order " 'is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' " (*Blech v. Blech*, *supra*, 25 Cal.App.5th at p. 999.)

The probate court has "wide discretion" to make orders pursuant to section 17200. (*Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1258.) "The applicable standard of review is therefore abuse of discretion." (*Ibid*.) " '[T]he abuse of discretion standard is not a unified standard; . . . [t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Id*. at pp. 1258-1259.)

Diana has presented a judgment roll appeal which cannot serve as a basis to attack the sufficiency of the evidence to support the judgment. (*Williams v. Inglewood Board of Realtors, Inc.* (1963) 219 Cal.App.2d 479, 481-483; see *Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93; Code Civ. Proc., § 670, subd. (b).) " 'Therefore, . . . [o]ur review is limited to determining whether any error "appears on the face of the record." ' " (*Kucker*, at p. 93.)

No such error appears here. Paragraph 2.4 of the trust includes both "tangible articles of a personal nature" and "Settlor's interest in any such property." The trial court could reasonably conclude that Gabriele, long since widowed, would not likely have a fractional interest in "jewelry, clothing, household furniture and furnishings, [and] personal automobiles," but that the reference to "Settlor's interest" would refer to her fractional

interest in the painting and its sale proceeds.

"[W]here the construction given an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation, even though it seems equally tenable." (*In re Estate of Maloney* (1938) 27 Cal.App.2d 332, 334; *Janise v. Janise* (1961) 195 Cal.App.2d 433, 440.) Because no error appears on the face of the record, we affirm.

DISPOSITION

The order of January 10, 2024, is affirmed. Jacqueline shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Lester & Hirschberg, Mark A. Lester, Eric A. Hirschberg, Libby Voase, Amelia E. Tidwell; Wershow & Cole and Jonathan M. Cole for Defendant and Appellant.

Ferguson Case Orr Paterson, Joshua S. Hopstone and David B. Shea for Plaintiff and Respondent.

No appearance for Defendant and Respondent John Jacobs.