[No. B228899. Second Dist., Div. Three. Aug. 16, 2012.]

RHONDA DOWLING et al., Plaintiffs and Appellants, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

**COUNSEL**

Roxborough, Pomerance, Nye & Adreani, Drew E. Pomerance, Burton Falk; Goshgarian & Marshall and Mark Goshgarian for Plaintiffs and Appellants.

Barger & Wolen, Steven H. Weinstein, Marina M. Karvelas and Peter Sindhuphak for Defendant and Respondent.

**OPINION**

**CROSKEY, J.**—Rhonda Dowling, individually and on behalf of others similarly situated, appeals the dismissal of her class action and individual

complaint against Farmers Insurance Exchange (Farmers). The trial court concluded that the five-year period to bring the action to trial (Code Civ. Proc., § 583.310) expired on June 17, 2010, pursuant to the parties' written stipulation. The court therefore granted Farmers's motion to dismiss the class action allegations and later dismissed the entire action. Plaintiffs contend the court's interpretation of the stipulation was erroneous and the five-year period should be tolled beyond June 17, 2010.

We believe that the court properly interpreted the stipulation but erred by failing to consider the potential impact on this case of appellate proceedings in a related action in determining whether it was impracticable or futile to bring this action to trial. We therefore will reverse the judgment and remand for a limited reconsideration of Farmers's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Complaint and Other Early Proceedings*

Douglas Ryan commenced the present action by filing a complaint against Farmers in June 2003 alleging a single count for violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.). The trial court determined that the case was related to *Poss v. 21st Century Ins. Co.* (Super. Ct. L.A. County, 2011, No. BC297438) and transferred both cases to the same judge.[1] The court then stayed this action in October 2003 pending a decision by the Court of Appeal in *Donabedian v. Mercury Ins. Co.* The court later extended the stay pending a decision by the Court of Appeal in *Poirer v. State Farm Mutual Automobile Ins. Co.*[2]

California voters passed Proposition 64 in November 2004, restricting a plaintiff's standing under the unfair competition law. The trial court granted Farmers's motion for judgment on the pleadings in May 2005 based on the new standing requirements, but granted Ryan leave to amend the complaint to allege a count for violation of Insurance Code section 1861.02. Farmers challenged the ruling by petitioning this court for a writ of mandate. The trial court stayed the action in June 2005 pending our decision in the writ proceeding. In our opinion on the issues raised by that writ petition (*Farmers Ins. Exchange v. Superior Court* (2006) 137 Cal.App.4th 842, 853–859 [40 Cal.Rptr.3d 653] (*Farmers*)), we held that there is no private right of action for a violation of Insurance Code section 1861.02.

---

[1] *Poss v. 21st Century Ins. Co., supra,* BC297438 later became known as *MacKay v. 21st Century Ins. Co.* after the complaint was amended to substitute new class representatives for the original named plaintiff. We will refer to the action as the *MacKay* action.

[2] The Court of Appeal filed *Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968 [11 Cal.Rptr.3d 45] on March 11, 2004, and filed a nonpublished opinion in *Poirer v. State Farm Mutual Automobile Ins. Co.* (Oct. 15, 2004, B165389).

Following remand, the trial court, in September 2006, granted the motion for judgment on the pleadings and dismissed the action in its entirety. In the trial court's view, our opinion in *Farmers, supra,* 137 Cal.App.4th 842, disposed of the entire action. Ryan petitioned for writ review and, on November 16, 2006, we filed an order, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], stating that we were considering the issuance of a peremptory writ of mandate in the first instance directing the trial court to vacate its order. We stated that our opinion in *Farmers* did not address the question whether plaintiff could amend his complaint, and that the California Supreme Court, in *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235 [46 Cal.Rptr.3d 66, 138 P.3d 214], filed after our opinion in *Farmers,* held that Proposition 64 did not necessarily preclude an amendment to a complaint to substitute a new plaintiff who had suffered an injury in fact. The trial court responded with an order in December 2006 vacating its prior order granting judgment on the pleadings.

### 2. *First Amended Complaint and Stipulation*

Plaintiffs' counsel filed a first amended class action complaint in January 2007 naming Rhonda Dowling as the sole class representative. The parties filed a stipulation in April 2008 stating:

"IT IS HEREBY STIPULATED, by and between the parties, through their counsel as follows:

"1. Whereas the class action lawsuit originally entitled Douglas Ryan, an individual, and on behalf of the general public, Plaintiff v. Farmers Insurance Company, and Does 1 through 100, inclusive, Defendants, LASC No. BC297437 was filed on June 13, 2003 ('Farmers action');

"2. Whereas the class action lawsuit originally entitled Dana Poss, an individual, and on behalf of the general public, Plaintiff v. 21st Century Insurance Company, and Does 1 through 100, inclusive, LASC No. BC297438 was filed on June 13, 2003 ('21st Century action');

"3. Whereas on October 3, 2003, the Superior Court deemed the Farmers action and the 21st Century action, and several other actions, related and stayed all of these actions pending a final decision by the Court of Appeal in Donabedian v. Mercury Ins. Co.

"4. Whereas after that opinion was filed on March 11, 2004 in Donabedian v. Mercury Ins. Co. (2004) 116 Cal.App.4th 968 [11 Cal.Rptr.3d

45], the Superior Court continued the stay pending a final decision by the Court of Appeal in Poirer v. State Farm Mut. Auto Ins. Co. (B165389).

"5. Whereas on October 15, 2004, the nonpublished opinion by the Court of Appeal in Poirer v. State Farm Mut. Auto Ins. (B165389) was issued;

"6. Whereas after a petition for writ of mandate was filed in the Court of Appeal in the Farmers action, the Superior Court issued a stay of the Farmers action and the 21st Century action on June 30, 2005, which remained in effect until June 22, 2006 when the Court of Appeal issued a remittitur, remanding the Farmers action back to the Superior Court;

"7. Whereas the jurisdiction of the Superior Court to try the Farmers action was suspended while the cases were stayed from October 3, 2003 to October 15, 2004 (i.e., one year and 12 days) and June 30, 2005 to June 22, 2006 (i.e., 11 months and 22 days);

"8. Whereas Code of Civil Procedure § 583.310 requires an action to be brought to trial within five years after the action is commenced;

"9. Whereas in computing the five year time period within which an action must be brought to trial pursuant to Code of Civil Procedure § 583.310, Code of Civil Procedure § 583.340 excludes from the computation the time during which the jurisdiction of the Superior Court to try the action was suspended;

"10. Whereas the jurisdiction of the Superior Court to try the Farmers action was suspended while the cases were stayed as described above; and

"11. Whereas the parties have agreed to identify the five year period required to bring an action to trial under Code of Civil Procedure § 583.310.

"IT IS HEREBY STIPULATED TO AND BETWEEN THE PARTIES AS FOLLOWS:

"Absent any further periods wherein the Superior Court's jurisdiction to try the Farmers action is suspended under Civil Code [sic] § 583.340 and/or any further Court orders or party stipulations extending or tolling the time period to bring either action to trial, the five year time period to bring the Farmers action to trial under Code of Civil Procedure § 583.310 does not expire until June 17, 2010.

"IT IS SO STIPULATED."

The trial court entered an order on the stipulation on April 29, 2008. The parties to the *MacKay* action, represented by the same counsel as the parties

to this action, entered into a virtually identical stipulation, and the *MacKay* court entered an order on that stipulation on the same date, April 29, 2008.

### 3. *Stay of All Trial Court Proceedings in the* MacKay *Action*

Both parties to the *MacKay* action petitioned this court for a writ of mandate challenging the trial court's rulings on the defendant's motion for summary adjudication. The plaintiffs filed their writ petition on November 24, 2009, and 21st Century Insurance Company (21st Century) later filed its own writ petition. We issued an order to show cause on the plaintiffs' petition on April 7, 2010, including a stay of all trial court proceedings in the *MacKay* action and in another action, *Karnan v. Safeco Ins. Co.* (Super. Ct. L.A. County, 2010, No. BC266219). We later issued an order to show cause on 21st Century's petition and consolidated it with the plaintiffs' petition. We filed our opinion in *MacKay v. Superior Court* (2010) 188 Cal.App.4th 1427 [115 Cal.Rptr.3d 893] on October 6, 2010. Our stay in the *MacKay* action remained in effect until we filed a remittitur on October 25, 2010.[3]

### 4. *Dismissal*

Farmers filed a motion to dismiss the class action allegations in this matter on May 13, 2010, arguing that the April 2008 stipulation (quoted above) established a deadline of June 17, 2010, to bring the case to trial pursuant to Code of Civil Procedure section 583.310. Farmers argued that plaintiffs had failed to diligently prosecute this action, could not possibly obtain class certification by that date and that the class action allegations therefore should be dismissed. Plaintiffs argued in opposition that the stipulation did not preclude additional tolling periods that would extend the five-year period beyond June 17, 2010, and that they had diligently prosecuted this action. Plaintiffs urged that the five-year period should be tolled by an additional 21 months based on four events.

Plaintiffs asserted that (1) the then pending extraordinary writ proceedings in the *MacKay* action presented unsettled legal questions of significance in this action making it impracticable or futile to bring this case to trial; (2) the dismissal of this action in September 2006 made it impossible to bring this case to trial until the order of dismissal was vacated in December 2006; (3) the passage of Proposition 64 in November 2004 (this was several months before the trial court stayed this action pending appellate review of its order granting judgment on the pleadings based on the new standing requirements) made it impracticable and futile to bring this case to trial until appellate

---

[3] We judicially notice our remittitur filed in *MacKay v. Superior Court, supra,* 188 Cal.App.4th 1427, on October 25, 2010. (Evid. Code, § 452, subd. (d).)

review was completed; and (4) the trial court did not lift the stay after the filing of the opinion by the Court of Appeal in *Poirer v. State Farm Mutual Automobile Ins. Co., supra,* B165389, until a status conference on December 8, 2004.

Plaintiffs presented no extrinsic evidence for the trial court to consider in interpreting the stipulation, although they argued in supplemental briefing after the hearing that plaintiffs' counsel could testify on the matter if the court found the stipulation to be ambiguous. Plaintiffs also argued in supplemental briefing that the stipulation should be rescinded based on a mistake if the court interpreted the stipulation as Farmers argued.

The trial court stated at the hearing on the motion to dismiss that it would have stayed this action pending the writ proceedings in the *MacKay* action "if you all asked me to." The court also stated that, despite the common legal issues, it would not consider the writ proceedings in the *MacKay* action then pending before this court in determining whether it was impracticable or futile to bring this action to trial because Farmers was not a party to those writ proceedings. After receiving supplemental briefing and taking the matter under submission, the court filed an order on August 9, 2010, stating that (1) the stay of trial court proceedings issued by this court prior to filing our opinion in *MacKay v. Superior Court, supra,* 188 Cal.App.4th 1427, did not encompass the present action; (2) the plain meaning of the stipulation is that the parties agreed that the five-year period to bring the case to trial under Code of Civil Procedure section 583.310 would end on June 17, 2010, absent any *future* tolling events, and any ambiguity in this regard must be resolved against plaintiffs as the parties who drafted the stipulation; and (3) the stipulation cannot be rescinded based on a mistake.[4] The court concluded that the five-year deadline had passed so plaintiffs could not obtain class certification, and therefore granted the motion to dismiss the class action allegations of the complaint.

The parties stipulated to dismiss the entire action based on the trial court's ruling without prejudice to plaintiffs' right to challenge that ruling on appeal. On September 13, 2010, the trial court entered an order based on that stipulation dismissing the entire action. Plaintiffs timely appealed the order of dismissal.[5]

---

[4] Although the written order did not expressly address plaintiffs' argument that the then pending writ proceedings in the *MacKay* action made it impracticable or futile to bring this case to trial, the trial court's comments at the hearing explained why it had rejected that contention.

[5] A signed order of dismissal is an appealable judgment. (Code Civ. Proc., § 581d.)

## CONTENTIONS

Plaintiffs contend (1) the trial court's interpretation of the stipulation was erroneous; (2) the five-year period to bring this action to trial pursuant to Code of Civil Procedure section 583.310 should be tolled for an additional 21 months based on several events, including our stay of all trial court proceedings in the *MacKay* action; and (3) alternatively, the stipulation should be rescinded based on a mistake.

## DISCUSSION

### 1. *Statutory Framework*

■ Code of Civil Procedure section 583.310 states, "An action shall be brought to trial within five years after the action is commenced against the defendant." The five-year period may be extended by written stipulation or oral agreement made in open court. (*Id.*, § 583.330.)

Code of Civil Procedure section 583.340 states that the time during which any of the following conditions existed is excluded from the five-year period:

"(a) The jurisdiction of the court to try the action was suspended.

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Code of Civil Procedure section 583.130 states that in construing these provisions the policy favoring trial or other resolution on the merits is generally to be preferred over the policy requiring dismissal for failure to prosecute with reasonable diligence.[6] Accordingly, the tolling provisions of Code of Civil Procedure section 583.340 must be liberally construed consistent with the policy favoring trial on the merits. (*Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532 [255 Cal.Rptr. 781]; see Cal. Law Revision Com. com., 15C West's Ann. Code Civ. Proc. (2011 ed.) foll.

---

[6] "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." (Code Civ. Proc., § 583.130.)

§ 583.340, p. 457.) Similarly, we believe that the policy favoring trial on the merits must be considered by the court in resolving any ambiguity in a written stipulation extending the time to bring an action to trial pursuant to Code of Civil Procedure section 583.310.

## 2. *Standard of Review*

We review a ruling on a motion to dismiss for failure to bring an action to trial within the five-year period provided by Code of Civil Procedure section 583.310 for abuse of discretion to the extent that the trial court's ruling is based on its evaluation of factual matters relating to whether the prosecution of the action was impossible, impracticable or futile under Code of Civil Procedure section 583.340. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731 [122 Cal.Rptr.3d 331, 248 P.3d 1185].) To the extent that the court's ruling is based on its interpretation of a written agreement or construction of a statute, however, the standard of review governing such a determination applies. (*Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co.* (1994) 24 Cal.App.4th 247, 252 [29 Cal.Rptr.2d 144]; cf. *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859 [107 Cal.Rptr.2d 841, 24 P.3d 493] ["any determination underlying any order is scrutinized under the test appropriate to such determination"].)

We independently review the trial court's interpretation of a contract, including the resolution of any ambiguity, unless the interpretation depends on the trial court's resolution of factual questions concerning the credibility of extrinsic evidence. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].) The court's ruling here did not turn on the credibility of extrinsic evidence, so our review of the court's interpretation of the stipulation is de novo. We also independently review legal questions regarding the construction and application of a statute (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529 [120 Cal.Rptr.3d 531, 246 P.3d 612]), including the court's determination that impracticability and futility for purposes of Code of Civil Procedure section 583.340 must be determined without considering the potential impact of pending appellate proceedings not involving any parties to this action.

## 3. *The Trial Court Properly Interpreted the Stipulation*

### a. *Rules of Contract Interpretation*

We interpret a stipulation, including a stipulation entered as a court order, in accordance with the ordinary rules of contract interpretation. (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1252 [105 Cal.Rptr.3d 214]; *Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1341 [83 Cal.Rptr.2d 340].)

"We interpret a contract so as to give effect to the mutual intention of the contracting parties at the time the contract was formed. (Civ. Code, § 1636.) We ascertain that intention solely from the written contract if possible, but also consider the circumstances under which the contract was made and the matter to which it relates. (*Id.*, §§ 1639, 1647.) We consider the contract as a whole and interpret its language in context so as to give effect to each provision, rather than interpret contractual language in isolation. (*Id.*, § 1641.) We interpret words in accordance with their ordinary and popular sense, unless the words are used in a technical sense or a special meaning is given to them by usage. (*Id.*, § 1644.) If contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs. (*Id.*, § 1638.)" (*Service Employees Internat. Union, Local 99 v. Options—A Child Care & Human Services Agency* (2011) 200 Cal.App.4th 869, 879 [133 Cal.Rptr.3d 73].)

If contractual language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history and public policy. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].)

b. *The Stipulation Precludes the Possibility of Additional Tolling Periods Before the Date of the Stipulation*

The stipulation identifies two time periods, from October 3, 2003, to October 15, 2004, and from June 30, 2005, to June 22, 2006, when this action was stayed by the trial court. The stipulation states that the parties agree that the five-year period to bring the action to trial was tolled during those periods because "the jurisdiction of the Superior Court to try the Farmers action [(this action)] was suspended while the cases were stayed as described above . . . ."[7]

The stipulation also states that "the parties have agreed to identify the five year period required to bring an action to trial under Code of Civil Procedure § 583.310." It then states that "[a]bsent any *further* periods wherein the Superior Court's jurisdiction to try the Farmers action is suspended under Civil Code [*sic*] § 583.340 and/or any *further* Court orders or party stipulations extending or tolling the time period to bring either action to trial, the five year time period to bring the Farmers action to trial under Code of Civil Procedure § 583.310 does not expire until June 17, 2010." (Italics added.)

---

[7] The language in the stipulation is somewhat imprecise in this regard. A stay by the trial court does not suspend the court's jurisdiction. Code of Civil Procedure section 583.340 expressly provides for tolling of the five-year period not only when "[t]he jurisdiction of the court to try the action was suspended," but also when "[p]rosecution or trial of the action was stayed or enjoined" or "[b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile."

As did the trial court, we construe the word "further" as used in this context to mean "future" rather than "additional." The language of the stipulation and its context indicate an agreement to establish June 17, 2010, as the five-year deadline based on the events that had occurred as of the date of the stipulation. We reject plaintiffs' argument that the parties intended the stipulation to reflect an agreement on the two tolling periods referenced in the stipulation while reserving the possibility that other tolling periods before the date of the stipulation could be established. The language, "the parties have agreed to identify the five year period required to bring an action to trial under Code of Civil Procedure § 583.310," suggests, contrary to plaintiffs' interpretation, that the parties agreed to a five-year deadline precluding any additional tolling periods before the date of the stipulation. Moreover, the language "[a]bsent any further periods wherein the Superior Court's jurisdiction to try the Farmers action *is* [('not was')] suspended under Civil Code [*sic*] § 583.340 and/or any further Court orders or party stipulations extending or tolling the time period to bring either action to trial" (italics added) suggests that any further tolling periods would be in the future rather than before the date of the stipulation.

While we conclude that the stipulation precludes the possibility of reliance on any additional tolling periods before the date of the stipulation, it does not preclude the possibility of additional tolling periods *after* the date of the stipulation.

### c.  *Plaintiffs Cannot Argue a New Interpretation of the Stipulation for the First Time on Appeal*

Plaintiffs argue for the first time in their appellants' opening brief that the stipulation should be interpreted to mean that the five-year period in this action would be tolled during any time that the *MacKay* action was stayed. In addition, they argue for the first time in their reply brief that a May 2009 stipulation by the parties to the *MacKay* action extending the time to bring that action to trial until June 20, 2011, had the same effect in this action.

We generally will not consider an argument asserted for the first time on appeal. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847 [60 Cal.Rptr.2d 780].) Although we have the discretion to consider for the first time on appeal an issue of law based on undisputed facts, we will not consider a new issue where the failure to raise the issue in the trial court deprived an opposing party of the opportunity to present relevant evidence that, if considered by the trial court, might have affected its ruling. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *Richmond v. Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 879 [242 Cal.Rptr. 184].) Supplemental briefing filed by Farmers in response to our request shows that

extrinsic evidence of the parties' intention in entering into the April 2008 stipulation would have been presented for consideration by the trial court if the new issues now asserted by plaintiffs regarding interpretation of the stipulation had been raised below. We therefore will not consider those new issues in this appeal.

    4.   *The Trial Court Erred by Failing to Consider the Potential Impact of the Writ Proceedings in the* MacKay *Action in Determining Whether It Was Impracticable or Futile to Bring This Action to Trial*

Plaintiffs contend the five-year period to bring the action to trial should be tolled for an additional 21 months based on four different events. Three of those events occurred before the parties entered into the stipulation in April 2008. For the reasons already stated, we believe that the parties' intention in entering into the stipulation was to establish June 17, 2010, as the five-year deadline and to preclude any argument based on events occurring before the date of the stipulation that the five-year deadline was either before or after June 17, 2010. We therefore reject plaintiffs' contention as to the three events that occurred before the date of the stipulation.[8]

Plaintiffs also contend that the five-year period should be tolled because the writ proceedings in the *MacKay* action pending in this court after the date of the stipulation made it impracticable or futile to bring this case to trial. The trial court did not decide whether, as a practical matter and in light of the common issues, the then pending writ proceedings in the *MacKay* action made it impracticable or futile to bring this case to trial. Instead, the court concluded, as a matter of law, that the fact that an issue in a case before it · might be decided in pending appellate proceedings in another case cannot make it impracticable or futile to bring the case to trial if those appellate proceedings involve different parties. The court stated that to conclude otherwise would create a giant loophole in the five-year rule and could result in delays in numerous cases.

■ We disagree. In our view, the trial court, in determining whether it was impracticable or futile to bring an action to trial, should consider the circumstances of the particular case, including the potential impact on that case of appellate proceedings in another action without regard to whether the two actions shared common parties.

---

   [8] Those three events were (1) the trial court's dismissal of this action in September 2006; (2) the passage of Proposition 64 in November 2004; and (3) the lifting of the stay in this action after the filing of the opinion by the Court of Appeal in *Poirer v. State Farm Mutual Automobile Ins. Co., supra,* B165389, in 2004.

*Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553] (*Brunzell*) is closely analogous. That case involved several codefendants, some of whom were parties to appeals and injunctions that precluded proceeding with the trial of the case, but other defendants who were not. The defendants who were not parties to the appeals or injunctions successfully moved to dismiss the action based on the five-year rule of Code of Civil Procedure former section 583. In granting the motion to dismiss, the trial court did not consider the particular circumstances of the case to determine whether it was impracticable to bring the case to trial. Instead, it decided, as a matter of law, that it was not impracticable to proceed against the moving defendants because the action against those defendants was severable from the action against the other defendants. (*Brunzell, supra,* at p. 555.) The California Supreme Court held that this was error. *Brunzell* stated that whether the action against the moving defendants was severable was a factor to consider but was not determinative, and that impracticability was not the same as impossibility. (*Id.* at p. 553.) In *Brunzell,* the court stated:

"In many situations in which it is impossible or impracticable to proceed against one codefendant it may be impracticable, in terms of the burden both to the parties and to judicial administrations as a whole, to proceed against other defendants in a separate suit. To require a plaintiff to sever causes of action against multiple defendants *whenever* it becomes impossible or impracticable to proceed against one defendant within the five-year period would be to require unproductive duplication of effort, compel the incurrence of excessive expense, and generally undermine all the policies served by modern theories of consolidation in a substantial number of cases. . . .

"We in no way imply, of course, that whenever causes may be consolidated, it is 'impracticable' to proceed except against all permissibly joined parties. (See, e.g., *Hsu* v. *City of San Francisco* (1966) 240 Cal.App.2d 317, 322–324 [49 Cal.Rptr. 531]; *Fisher* v. *Superior Court* (1958) 157 Cal.App.2d 126, 130–131 [320 P.2d 894].) As we stated in *Pacific Greyhound Lines* v. *Superior Court* [(1946)] 28 Cal.2d 61, 65 [168 P.2d 665], 'impracticability and futility' involve a determination of ' "*excessive* and *unreasonable* difficulty or expense," ' in light of all the circumstances of the particular case. (Italics added.) This determination requires the consideration of a great variety of factors, including, among others, the expense, complexity, and quantity of the evidentiary duplication that severance would entail, the potential problems that inconsistent judicial determinations would produce, and the degree of hardship or prejudice to the defendants occasioned by the delay. [Citation.]" (*Brunzell, supra,* 2 Cal.3d at pp. 553–554, fns. omitted.)

*Brunzell* stated further that the impracticability exception "involves a judgment of practical realities, and artificial distinctions between participating

litigants should be avoided." (*Brunzell, supra*, 2 Cal.3d at p. 555.) *Brunzell* concluded that the order of dismissal must be reversed and the matter remanded "to the trial court to determine whether, pragmatically, it was 'impracticable and futile' for plaintiff to proceed to trial against the instant defendants during the five-year period succeeding the filing of the complaint." (*Id.* at p. 556.)

■ The lesson that we learn from *Brunzell, supra*, 2 Cal.3d 545, as applicable here, is that whether it is impracticable to bring a case to trial against a particular defendant depends on the circumstances of the particular case and "practical realities" (*id.* at p. 555), including the potential impact on the case of pending appellate proceedings against another defendant. Unlike the appellate proceedings involving the codefendants in *Brunzell*, the writ proceedings in the *MacKay* action did not involve any parties to the present action. Still, we believe that the principle is the same and that the trial court must exercise its discretion by deciding whether the particular circumstances of this case, common legal questions and practical realities made it impracticable or futile to bring this case to trial while the writ proceedings in the *MacKay* action were pending, rather than decide as a matter of law that it could not be so.

### 5. *Plaintiffs Are Not Entitled to Rescission*

Plaintiffs argued in opposition to the dismissal motion that if the trial court interpreted the stipulation as precluding any tolling before the date of the stipulation, the stipulation should be rescinded based on a mistake. Plaintiffs argued that they could not have intended to agree to those terms, so their consent to the stipulation must have been mistaken. The trial court rejected this argument and enforced the stipulation in granting the dismissal motion.

■ We regard plaintiffs' purported mistake as a unilateral mistake regarding the proper interpretation of the stipulation, which is at most a mistake of law rather than a mistake of fact. (*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1421 [49 Cal.Rptr.2d 191].) A mistake of law vitiates consent only if (1) all contracting parties shared the same misunderstanding of the law or (2) one party misunderstood the law, and the other contracting parties were aware of this and failed to rectify it. (Civ. Code, § 1578; *Hedging Concepts, supra*, at p. 1421.) Plaintiffs have not shown either that Farmers shared plaintiffs' purported misunderstanding of the stipulation at the time it was executed or that Farmers was aware of plaintiffs' misunderstanding of the stipulation at the time it was executed. We conclude that plaintiffs have shown no basis for rescission and no error by the trial court with respect to its ruling on this issue.

## *DISPOSITION*

The judgment is reversed with directions to (1) vacate both the order granting the motion to dismiss the class action allegations and the order dismissing the entire action and (2) reconsider the motion to dismiss in light of the views expressed in this opinion. Plaintiffs are entitled to recover their costs on appeal.

Klein, P. J., and Kitching, J., concurred.