Filed 5/20/26  Jones v. Eaton CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEREK JONES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSEPH EATON,<br><br>    Defendant and Respondent. | B338670<br><br>(Los Angeles County<br>Super. Ct. No. BC710289) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed.

Derek Jones, in pro. per., for Plaintiff and Appellant.

Sinclair Braun Kargher, Kevin S. Sinclair, and Andrew H. Steinberg for Defendant and Respondent.

This appeal concerns the dismissal of an action under the "five-year rule," which requires a plaintiff to bring a case to trial within five years of filing it. The trial court granted defendant and respondent Joseph Eaton's (Eaton's) motion to dismiss the case filed by plaintiff and appellant Derek Jones (Jones) for violating the five-year rule. We consider whether this was error—either because Jones's action against Eaton was automatically stayed by Jones's appeal of a judgment against other defendants in the action or because Jones demonstrated bringing the matter to trial within the required timeframe was impossible, impracticable, or futile.

## I.  BACKGROUND

### A.  *Background Facts*[1]

The facts of the dispute between Jones and Eaton are not pertinent to resolving this appeal. It suffices to say that Jones sued Eaton and a group of other defendants (Umbrella Capital Group, Inc. dba The Plaza Group Realty (The Plaza Group), IKON, LLC (IKON), Michael Alladawi (Alladawi), William Go (Go), and Umbrella Group, Inc. (collectively, the Umbrella Defendants)) and alleged they engaged in a fraudulent scheme. As alleged, Eaton and the Umbrella Defendants loaned money to Jones, secured the loan by using Jones's residential property as collateral, and, through a series of predatory and deceptive acts, obtained the equity in the home by foreclosing on the loan and

---

[1]     Jones and Eaton both filed motions to augment the record with documents that were filed in the trial court, including two iterations of Jones's complaint and status reports filed by both parties in July 2023. The motions are granted.

subsequently selling the property to Industrial Strength Investments M, LLC (Industrial Strength). Per the allegations in the complaint, Eaton was a principal or partner in The Plaza Group, the entity that brokered the loan, and a manager and member of Industrial Strength, which ultimately purchased the property.

Industrial Strength later initiated a quiet title action, which resulted in a declaration that it held valid title to the property.

### B. Procedural History
#### 1. Early proceedings

Jones filed the complaint in this action in June 2018.[2] Insofar as the record—which is primarily comprised of the trial court's register of actions—reveals, Jones did not serve the complaint on any defendants until a year later, in June 2019, when he served some but not all defendants and did not serve either Eaton or Industrial Strength.

Despite the apparent lack of service, Industrial Strength appeared in the action in June 2019 and demurred. The trial court sustained the demurrer with leave to amend. Jones then filed a first amended complaint. Industrial Strength filed another demurrer, which the trial court sustained without leave to amend.

Jones filed proofs of service by mail on Eaton in January 2020 and August 2021, but there is no indication Eaton ever

---

[2] The complaint initially identified other plaintiffs, but by the third amended complaint, Jones was the only named plaintiff and is the only party appealing the trial court's order.

returned a notice of acknowledgement and receipt. In the interim, the trial court issued numerous orders to show cause regarding the absence of filed proofs of service on various defendants.

### 2. *The defendants demur*

In September 2021, Eaton filed a demurrer to the first amended complaint. The Umbrella Defendants filed their own demurrer a month later. In December 2021, the trial court held a joint hearing on the two demurrers. Both Eaton and the Umbrella Defendants argued the claims in the complaint were precluded by the quiet title judgment. Eaton also demurred separately to eight of the causes of action on other grounds. The trial court overruled the demurrers to the extent they argued preclusion and sustained Eaton's demurrer to the individual causes of action with leave to amend. The order stated the deadline to amend the complaint was Monday, December 13, 2021. Jones obtained two extensions of that deadline.

Jones filed his second amended complaint on January 11, 2022, alleging eleven causes of action. Six of them, the causes of action for fraudulent inducement, intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, violation of Business and Professions Code section 17200 et seq. (UCL), and cancellation of instruments, named Eaton as a defendant. All the causes of action alleged against Eaton were also alleged against some, if not all, of the Umbrella Defendants.

Eaton demurred again, arguing that some of the claims against him were precluded by the prior quiet title action and that the causes of action individually failed to state claims. The

4

Umbrella Defendants also filed a demurrer, but it is not included in the appellate record.

In June 2022, the trial court ruled on the demurrers filed by Eaton and the Umbrella Defendants. The court sustained the Umbrella Defendants' demurrer without leave to amend. It sustained Eaton's demurrer with leave to amend and gave Jones 20 days to amend the complaint.[3] Jones subsequently filed a motion for reconsideration of both orders, which the trial court denied. In late July, Eaton filed an ex parte application to dismiss the action for failure to timely amend, which the trial court also denied. The following month, Jones twice sought an extension of his deadline to file an amended complaint, which the trial court denied too. On August 30, 2022, Jones filed a third amended complaint, but the complaint was not signed.

In December 2022, Jones appealed the trial court's judgment in favor of the Umbrella Defendants.

In March 2023, the trial court held an order to show cause hearing regarding discovery and a trial setting conference. It continued the latter to July 2023.

### 3.     *The July conference*

Jones filed a status report in advance of the July 2023 trial setting conference that represented he had not served his third amended complaint because he intended to file a fourth amended complaint. The status report also advised Jones had filed a

---

[3]     Around this time, Eaton filed a motion for summary judgment. The trial court held a hearing on that motion in November 2022 and denied it. Eaton also filed a series of discovery motions.

notice of appeal in December 2022 regarding the court's dismissal of certain defendants and that appeal was still pending. Jones asserted this meant the five-year rule "would appear to be stayed" pending the disposition of his appeal. Jones also asserted he was requesting leave to file his fourth amended complaint.

Eaton filed a status report shortly thereafter that represented Jones told Eaton he wished to seek leave to file a fourth amended complaint and, as a result, Jones contended it would be premature to set a trial date. Eaton agreed setting a trial date would be premature.

On July 26, 2023, the trial court issued a minute order reflecting it held a trial setting conference.[4] In its minute order, the court stated Jones was currently incarcerated in federal prison. The court's minute order also states that after conferring with counsel, the court ruled as follows: "The Court has not issued any stay on the action as to any parties on the matter. [¶] The Court sees no reason to set the matter for trial and will not set any further hearing dates on the matter due to [Jones's] current incarceration."

### 4. *The first motion to dismiss*

In October 2023, Jones filed a motion for leave to file a fourth amended complaint, which the trial court ultimately denied. In November, Eaton filed an ex parte application to dismiss the case for failure to timely amend, which the court also denied.

---

[4] The record does not include a reporter's transcript of the conference.

6

The court set an order to show cause hearing regarding trial readiness for November 16, 2023. The register of actions indicates this hearing was held, but the record does not contain a minute order or any other document memorializing the proceedings.

The trial court held another hearing on November 30, 2023. The day before the hearing, Jones filed a notice of errata to the third amended complaint. During the hearing, the court brought up the five-year rule and stated it thought they previously discussed the deadline had passed. The court said it recognized Jones had filed a third amended complaint, but it was not signed. Jones contended he had filed a notice of errata with a signed signature page, but the page was not in the court's record. After hearing argument, the trial court determined it would continue the matter to read additional materials and opined Eaton should be filing a motion to dismiss under the five-year statute. Toward the end of the hearing, the court said, "You know I'm not seeking to dismiss this case because it's five years old, but if I'm going to get a motion, I have to rule upon the motion. If we're going to be up on appeal on the matter with respect to the unsigned third amended complaint, we may as well take it up on both issues."

Shortly thereafter, Eaton filed a Code of Civil Procedure section 583.360 motion to dismiss the complaint pursuant to the five-year rule.[5] The court denied the motion.[6]

---

[5] Undesignated statutory references that follow are to the Code of Civil Procedure.

[6] Neither the briefing on the motion nor the court's order ruling on the motion is included in the appellate record.

7

### 5. *The second motion to dismiss*

In January 2024, Eaton demurred to the third amended complaint. Later the same month, Eaton filed another motion to dismiss the action pursuant to the five-year rule.

Eaton argued dismissal was appropriate because plaintiffs filed their complaint on June 15, 2018, and their five-year deadline, which was arguably extended by the emergency rule related to the COVID-19 pandemic, passed on December 15, 2023. Eaton also contended the five-year rule could not be tolled because of the pending appeal involving the Umbrella Defendants or the trial court's July minute order declining to set a trial date.

Jones opposed the second motion to dismiss and argued it was impossible, impracticable, or futile to bring the action to trial within the five-year period (as extended by six months due to the COVID-19 pandemic). Jones also contended his action against Eaton was automatically stayed, pursuant to section 916, by his appeal of the judgment as to the Umbrella Defendants.[7] Jones further asserted the trial court refused to bring the matter to trial while he was incarcerated, and in that regard, Jones referenced the trial court's July 26, 2023, minute order. Jones also maintained Eaton had not and could not credibly allege he

---

[7] In December 2025, we partially affirmed and partially reversed the judgment in favor of the Umbrella Defendants. (*Jones v. Umbrella Capital Group, Inc.* (Dec. 5, 2025, No. B325981) [nonpub. opn.].) We remanded with directions to let some of Jones's claims against the Umbrella Defendants proceed until resolved by other process, including the two fraud causes of action, the wrongful foreclosure cause of action, and the UCL cause of action that were also alleged against Eaton.

8

was prejudiced by any loss of evidence via the diminished memories of witnesses.

The trial court held a hearing on the motion to dismiss in February 2024. The court stated it denied the last motion to dismiss because the five-year period plus the six-month COVID-19 extension had not passed, but the current motion was filed after the deadline. The trial court also confirmed it had read the parties' written briefs. After hearing argument from the parties, the court said it was going to dismiss the action and instructed Eaton to prepare a proposed order. The court thereafter approved the order and entered a judgment of dismissal.

## II. DISCUSSION

The trial court did not err in granting the motion to dismiss, and all of Jones's arguments to the contrary are unavailing. Jones's case against Eaton was not automatically stayed by his appeal of the judgment in favor of the Umbrella Defendants because the proceedings against Eaton would not have jeopardized the effectiveness of the appeal and thus were not "embraced" in or "affected" by the judgment. Jones also did not demonstrate he was entitled to tolling for impossibility, impracticability, or futility; we presume the trial court followed the law in issuing that order, including the law requiring it to consider relevant factors in deciding the motion. Further, even if we assume Jones identified some circumstance of impossibility, impracticability, or futility and a causal connection between that circumstance and his inability to move the case to trial, Jones did not demonstrate reasonable diligence in moving the case to trial at all stages of the proceedings. The record reflects Jones did not properly effect service of any complaint on Eaton for three years,

9

waited over a year to serve a different iteration of the complaint, and made no prompt efforts to move the case forward (or seek a discretionary stay) once on notice the trial court did not believe the case was stayed by operation of law.

### A. The Five-Year Rule

Section 583.310 requires that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." "Due to the COVID-19 pandemic, the Judicial Council of California enacted Rule 10, which provides in subdivision (a): 'Notwithstanding any other law, including . . . section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total of five years and six months.'" (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 246.)

The five-year "requirement is mandatory and not subject to extension, excuse, or exception except as expressly provided by statute. [Citation.]" (*Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 888; see also *Cole v. Hammond* (2019) 37 Cal.App.5th 912, 921 [once five years has elapsed, "'a defendant has an absolute right to obtain an order of dismissal'"].) The three statutory exceptions that toll the five-year limit are periods when: "(a) [t]he jurisdiction of the court to try the action was suspended[;] [¶] (b) [p]rosecution or trial of the action was stayed or enjoined[;][and] [¶] (c) [b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340, subds. (a)-(c).) "'The purpose of the five-year dismissal statute is to prevent the prosecution of stale claims where defendants could be prejudiced by loss of evidence and

10

diminished memories of witnesses.  [Citation.]  The statute also protects defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time.' [Citation.]"  (*Rel, supra*, at 888-889.)

In the absence of any tolling, the five-year period within which Jones was required to bring his action to trial, extended by an additional six months due to the COVID-19 pandemic, ended in December 2023.

### B.    Jones's Action Against Eaton Was Not Stayed

The trial court did not affirmatively stay Jones's action at any point and Jones never moved for a discretionary stay. Recognizing this, Jones argues the case was automatically stayed by his appeal of the judgment in favor of the Umbrella Defendants.  We review de novo the legal question of whether his appeal of that judgment automatically stayed his action against Eaton.  (See, e.g., *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1092.)

"[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  (§ 916, subd. (a).)  "'[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' [Citation.]"  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.)

11

A trial court's proceeding affects the effectiveness of an appeal: (1) where it seeks to enforce, vacate, or modify the ruling at issue on appeal; (2) where it seeks to substantially interfere with the appellate court's ability to conduct the appeal; (3) if the possible outcomes on appeal and the possible results of the proceeding are irreconcilable; and (4) where the purpose of the appeal is to avoid the need for that proceeding. (*Id.* at 189-190.) An appeal does not, however, stay proceedings in ancillary or collateral matters that do not affect the judgment on appeal. (*Id.* at 191.) A proceeding is ancillary or collateral if the proceeding "could or would have occurred regardless of the outcome of the appeal," even if the proceeding has a potential effect on the appeal. (*Ibid.*)

Jones's claims against Eaton were not automatically stayed by section 916 when he appealed the judgment in favor of the Umbrella Defendants. Proceedings against Eaton, including through trial, could or would have occurred regardless of the outcome of the appeal involving the Umbrella Defendants. Though the claims Jones pled against Eaton were also alleged against some or all of the Umbrella Defendants, continuing to litigate the action against Eaton would have no effect on the "effectiveness" of the appeal. It would not inherently involve any effort to enforce, vacate, or modify the order as to the Umbrella Defendants nor would it affect our ability to resolve the appeal. The possible outcomes on appeal and the possible results of proceeding with the claims against Eaton also were not irreconcilable. At most, there would have been some risk of inconsistent rulings, or of different determinations of liability. But those possibilities did not implicate the effectiveness of the *appeal* and thus did not stay the case against Eaton.

12

C.    *Reversal Is Not Warranted for Impossibility,*
       *Impracticability, or Futility*
       1.    *The trial court was not required to state the*
              *reasons for its decision, and we presume the*
              *decision is correct*

Jones asserts the trial court's ruling was infirm for a variety of reasons, many of which stem from the same overarching contention—that because the trial court did not state its reasons for granting the motion, it did not consider various factors or issues germane to the motion to dismiss.  Principles of appellate review forestall this argument.

"'A judgment . . . of the lower court is *presumed* correct.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  We make all reasonable inferences favoring the lower court's order and affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions.  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416*; Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631.)  Absent evidence to the contrary, we also presume the trial court followed applicable law.  (*Save the Capitol, Save the Trees v. Department of General Services* (2024) 101 Cal.App.5th 1237, 1248.)  Any ambiguity in the record is resolved in favor of the judgment.  (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 765-766; *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.)

California Rules of Court, rule 3.1342 (rule 3.1342) provides that a trial court ruling on a motion to dismiss under the five-year rule must consider, among other factors, the nature

13

and complexity of the case, the pendency of other litigation under a common set of facts, and the diligence of "the parties" in pursing discovery or other pretrial proceedings.  While an explanation from the trial court would have facilitated appellate review, the court was not required to provide one.  (See *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563; see also rule 3.1342(e) [not mandating express findings or reasoning].)  Additionally, though the trial court did not explain its ruling, it did state on the record that it had reviewed the parties' briefing—and Jones discussed the rule 3.1342 factors in his briefs.  As a result, and because we presume the trial court's judgment is correct in the absence of an affirmative showing of error, we conclude the court followed the law and duly considered the pertinent factors in making its ruling.[8]  (*Wilson*, *supra*, at 563.)

---

[8]    Jones's reliance on *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685 and *Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545 to argue reversal is required because the trial court failed to consider certain factors is misplaced.  In *Dowling*, the trial court expressly stated it would not consider whether proceedings in a pending appeal rendered bringing the case to trial impracticable or futile.  (*Dowling*, *supra*, at 697.)  Similarly, in *Brunzell*, the trial court determined the question of whether the complexity and probable expense of proceeding against some defendants while the matter could not be brought to trial against others due to appeals or injunctions was irrelevant to the question of whether the impracticability exception applied. (*Brunzell*, *supra*, at 551.)  Here, in contrast, the trial court did not expressly decline to consider any factors or indicate they were irrelevant.

### 2.  *Jones was not reasonably diligent in prosecuting the action*

"In computing the time within which an action must be brought to trial, courts must exclude the time during which bringing the action to trial was impossible, impracticable, or futile despite a plaintiff's reasonable diligence." (*Oswald, supra,* 97 Cal.App.5th at 246.)  "To avoid dismissal under the section 583.340, subdivision (c) exception, a plaintiff must prove (1) a circumstance establishing impossibility, impracticability, or futility, (2) a causal connection between the circumstance and the failure to move the case to trial within the five-year period, and (3) that [the plaintiff] was reasonably diligent in prosecuting [the] case at all stages in the proceedings." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323.)  "'The critical factor . . . is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.]" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730-731.)

"The determination whether it was 'impossible, impracticable, or futile' to bring a case to trial within a given time period is generally fact specific, depending on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles." (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 438.)  "The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception. [Citation.]" (*Bruns*, supra, 51 Cal.4th at 731.)  We review the trial court's determination for abuse of discretion.[9]  (*Oswald*,

---

[9]  Jones asserts the issue should be reviewed de novo because the trial court did not state its reasons for granting the motion.

*supra*, 97 Cal.App.5th at 247; *Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 794.)

Jones presents several reasons that he claims rendered bringing his matter to trial within five years impossible, impracticable, or futile. Some of those arguments, like his contention that the trial court erred by failing to exclude the time added by continuances on the court's own motion, are forfeited because he did not raise them below. (See, e.g., *Baugh v. Garl* (2006) 137 Cal.App.4th 737, 746 ["[p]oints not raised in the trial court may not be raised for the first time on appeal"]; *Tanguilig*, *supra*, 22 Cal.App.5th at 330.) Others, like his contention that Eaton filed numerous pre-trial motions, do not amount to anything more than "ordinary pretrial delays," which "do[] not excuse failure to bring a case to trial within the five-year period." (*Bank of America v. Superior Court* (1988) 200 Cal.App.3d 1000, 1016.) We accordingly discuss only those arguments that do not suffer from these flaws.

Jones's contention that it would have been impracticable to bring the matter to trial against Eaton and then potentially have to conduct a separate trial against the Umbrella Defendants is unpersuasive because Jones bore the burden of demonstrating further litigation would have resulted in "'"*excessive* and *unreasonable* difficulty or expense,'"'" (*Bruns*, *supra*, 51 Cal.4th at 731), and he proffered no evidence to that effect.

Jones's separate claim that it was impossible or impracticable to bring the case to trial after the trial court's July

As already discussed, the trial court was not required to do so and we presume it duly considered all required factors. Abuse of discretion is the appropriate standard of review.

2023 minute order has some surface appeal.  In that minute order, the court asserted it "s[aw]no reason to set the matter for trial and [would] not set any further hearing dates on the matter due to the plaintiff['s] current incarceration."  The language suggests the court's pronouncement might have rendered further attempts to bring the matter to trial futile.  But there is no reporter's transcript from that hearing in the record, so we cannot ascertain whether there was further context relevant to the court's ruling, and without that context, the statement in the minute order alone is not a proper basis for reversal.  (See, e.g., *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

Moreover, even if we assume Jones established the trial court's July 2023 pronouncement did constitute a circumstance of impossibility, impracticability, or futility, and that there was a causal relationship between the circumstance and Jones's failure to bring the matter to trial within the five-year period, reversal still would not be warranted.  To avoid dismissal, Jones was also required to prove he was "reasonably diligent in prosecuting [the] case at all stages in the proceedings."  (*Tanguilig, supra*, 22 Cal.App.5th at 323.)  The record we have shows he was not.

Jones did not effectively serve the complaint and summons on Eaton for approximately three years after he filed the original complaint.  And it is not entirely clear from the record before us whether he actually managed to properly effect service of the complaint or whether Eaton appeared voluntarily.  Though Jones contends that the register of actions reflects he served Eaton twice, in 2020 and 2021, the notations on the register state Eaton was served by mail.  Service of a summons by mail is ineffective unless the defendant returns a notice of acknowledgement and

17

receipt. (§ 415.30, subds. (c)-(d).) The record does not indicate Eaton ever did so.

Turning to the latter portion of the extended five-and-a-half-year period, Jones still was not reasonably diligent. He filed the third amended complaint on August 30, 2022, but it appears Jones still had not served the complaint on Eaton nearly a year later, in July 2023. Jones asserts this was due to his earnestly held belief that his appeal involving the Umbrella Defendants stayed the entire case. We are unconvinced an honest but mistaken belief would excuse the lengthy delay. But even assuming we credited the argument, Jones did not appeal that judgment until December 20, 2022. Jones has no explanation for failing to serve Eaton in the four-month period before he filed the notice of appeal.

Jones's actions after the trial setting conference on July 26, 2023, are also inconsistent with reasonable diligence. The court's comments at that hearing alerted Jones that the court did not believe the five-year rule had been stayed. Nevertheless, Jones thereafter made no effort to seek a discretionary stay (so far as the appellate record reveals) and there is no reason to believe such an effort necessarily would have been futile. The trial court's minute order merely stated the court had not stayed the case; it did not indicate the court foreclosed the possibility of doing so if a proper motion were filed. Jones also waited until October 2023 (just over two months before his deadline to bring the case to trial) to file a motion for leave to file a fourth amended complaint. This was not reasonably diligent, particularly considering the temporal proximity to the end of the five-year period. (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287 ["the diligence required of a litigant increases as the

18

five-year deadline approaches"].)  The implied finding that Jones was not diligent in pursuing his case and that the exception for impossibility, impracticability, and futility did not apply was not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.  Eaton is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



HOFFSTADT, P. J.



KIM (D.), J.



19