Filed 12/29/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of DANIEL H. GILBERT-VALENCIA and KATE M. MCEACHEN. | C091292 & C094849 |
| DANIEL H. GILBERT-VALENCIA,<br><br>Appellant,<br><br>v.<br><br>KATE M. MCEACHEN,<br><br>Respondent. | (Super. Ct. No. 16FL06424) |

APPEAL from judgments of the Superior Court of Sacramento County, Kimberly E. Parker, Judge.  Reversed with directions.

Law Office of Stephanie J. Finelli and Stephanie J. Finelli for Appellant.

Kate McEachen, in pro. per., for Respondent.

1

We conclude in this case that the remedies for breach of fiduciary duty by one spouse provided in Family Code section 1101[1] also apply to putative spouses, and that the "documented evidence" in section 4320 is a writing within the meaning of Evidence Code section 250.

This consolidated appeal arises from the parties' marital dissolution proceedings. Petitioner Daniel Gilbert-Valencia (husband) contends that the family court erred in (1) awarding 100 percent of the net proceeds from the sale of the parties' quasi-marital property to respondent Kate McEachen (wife); (2) excluding evidence of domestic violence perpetrated by wife; and (3) retroactively modifying the tax deductibility of spousal support payments made by husband.

We agree with husband's first two contentions and accordingly remand the matter, directing the family court to reconsider the division of quasi-marital property and spousal support, including the tax deductibility of spousal support payments made by husband.

FACTUAL AND PROCEDURAL BACKGROUND

The parties had a wedding and obtained a marriage certificate in 2008. Unbeknownst to wife, husband was still married to his previous spouse, and he did not finalize the divorce until April 2011. In July 2011, the parties had another ceremony in which they officially married. At the time, husband explained that he wanted the second ceremony so he could change his last name.

In 2009, husband bought a house under his own name as an unmarried man with a Veterans Affairs home loan. Wife agreed to this arrangement because husband, as a transgender man who served in the Air Force, was afraid that his marriage with wife, once made known to the Air Force through the loan, could lead to his discharge.

---

[1] Undesignated statutory references are to the Family Code.

2

In October 2016, the parties separated, and husband filed a petition for dissolution of marriage. In May 2017, despite the family court's automatic temporary restraining order (§ 2040, subd. (a)), husband sold the house over wife's objections, believing it was his personal property. Husband used the net proceeds from the sale exclusively for personal purposes.

In January 2018, husband stipulated to plead no contest to four counts of contempt, including three counts of failure to obey court orders on his preliminary declarations of disclosures and one count of failure to obey deposition subpoena. Pursuant to the stipulation, the family court placed husband on probation for one year and ordered him to pay attorney fees to wife. Wife agreed to waive all other counts of contempt that she had pled or could have pled as of January 23, 2018, including husband's failure to abide by court order regarding the net proceeds from the house sale.

Following a bench trial, the family court issued a written order in October 2019. The order found wife to be a putative spouse; the house to be quasi-marital property; and husband breached the automatic temporary restraining order and his fiduciary duty to wife by selling the quasi-marital house and spending portions of the net proceeds for personal purposes. The family court thus awarded 100 percent of the net proceeds from the sale of the quasi-marital house to wife: "The Court is finding that none of those funds were used to take care of the community expenses; that it's a clear breach of the fiduciary duty towards wife. She didn't have access to any of those funds, and a clear breach of the [automatic temporary restraining orders] which were in place when husband filed the petition for dissolution. So the Court is awarding 100 percent of the sales proceeds because of those breaches to wife." The order also required husband to pay spousal support.

Subsequently, the family court granted husband's motion to set aside the spousal support portion of the October 2019 order and issued a new spousal support order in April 2021. In August 2021, following husband's motion, the trial court clarified that the

3

portion of spousal support payments made before January 1, 2019, was not tax-deductible by husband and was taxable income to wife.

Husband timely appealed both the remaining portion of the October 2019 order and the August 2021 order. We granted husband's motion to consolidate both appeals.

DISCUSSION

I

*Award of Net Proceeds from Sale of Quasi-Marital House*

Husband contends that the family court erred in awarding 100 percent of the net proceeds from the sale of the quasi-marital house to wife because (1) the parties' stipulation prevented husband from being punished for his breach of fiduciary duty again, and (2) it made no findings of oppression, fraud, or malice by husband. We disagree with the first contention but agree with the second.

A.    *The Stipulation*

We consider a stipulation as a whole and interpret its language in context so as to give effect to each provision, rather than interpreting its language in isolation. (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 694-695.) "A contract extends only to those things which it appears the parties intended to contract. Our function is to determine what, in terms and substance, is contained in the contract, not to insert what has been omitted. We do not have the power to create for the parties a contract that they did not make and cannot insert language that one party now wishes were there." (*Vons Companies, Inc. v. United States Fire Ins. Co.* (2000) 78 Cal.App.4th 52, 58-59.)

Here, the parties entered into the stipulation to resolve wife's order to show cause for contempt against husband. Husband accepted punishment, and wife agreed to waive other contempt allegations she could have brought. The paragraph of wife's waiver ends with: "Thus, other than this stipulated resolution of the pending contempt matters, Husband has a 'clean slate' on all prior acts, omissions, or failures to obey court order in

4

this action." Reading the stipulation as a whole, the parties intended to give husband a fresh start for purposes of contempt. The stipulation made no mention of division of community property, and we do not expand husband's "clean slate" beyond contempt.

B. *The Award*

A party to an invalid marriage who believed in good faith that the marriage was valid is a putative spouse. (§ 2251, subd. (a)(1).) Property acquired during a putative marriage is "quasi-marital property" and is divided upon the putative spouse's request as if it were community property, ensuring that "the share to which the putative spouse is entitled is the same share of the quasi-marital property as the spouse would receive as an actual and legal spouse if there had been a valid marriage." (*Estate of Hafner* (1986) 184 Cal.App.3d 1371, 1384; accord, § 2251, subd. (a)(2).)

Community property must be divided equally, unless the parties agree otherwise in a written agreement or in an oral stipulation in open court, or unless the family court finds good cause that the interest of justice requires an unequal division. (§§ 2550, 2556.) A finding of a malicious breach of fiduciary duty by one spouse also requires community property be divided unequally under section 1101.

Where there is a breach of fiduciary duty by one spouse, the family court must award the other spouse 50 percent of any asset transferred in breach of the fiduciary duty plus attorney fees and court costs. (§ 1101, subd. (g).) And when clear and convincing evidence proves that the breach constitutes oppression, fraud, or malice, the family court must award the other spouse 100 percent of such asset. (§ 1101, subd. (h).) The 50 percent award under subdivision (g) is "*an alternative to* an award of 50 percent of the asset itself" and " must be the same 50 percent interest that would be awarded in the overall division of community assets." (*In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 286-287 (*Schleich*).) "Likewise, under subdivision (h) the claimant spouse is entitled to 100 percent of an asset—his or her 50 percent share plus the breaching spouse's one-half interest in the asset." (*Id.* at p. 287.)

5

The remedies provided in section 1101 apply to putative relationships because "a good faith belief in the marriage should put the putative spouse in the same position" as a spouse in a legal marriage. (*Estate of Leslie* (1984) 37 Cal.3d 186, 199; see *Elden v. Sheldon* (1988) 46 Cal.3d 267, 275 [the state affords spouses and putative spouses similar protections].)

We review for abuse of discretion a family court's division of community property and its decision concerning the appropriate remedy for breach of fiduciary duty. (*Schleich, supra*, 8 Cal.App.5th at p. 276; *In re Marriage of Kamgar* (2017) 18 Cal.App.5th 136, 150.) "An order that implicitly or explicitly rests on an erroneous reading of the law necessarily is an abuse of discretion." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540.)

Here, the family court awarded wife 100 percent of the net proceeds from the quasi-marital property sale on the grounds that husband breached his fiduciary duty and violated the automatic temporary restraining orders. But it made no finding that husband's breach or violation constituted oppression, fraud, or malice. And we do not presume there exists any agreement or other good cause allowing an unequal division of the quasi-marital property. (See *Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP* (2013) 219 Cal.App.4th 1299, 1315, fn. 7 ["if the record clearly discloses the reasons for the trial court's ruling, we will not presume that the court relied on a different reason"].) The family court erroneously believed it could award 100 percent of the quasi-marital property to wife without finding oppression, fraud, or malice. (See *In re Marriage of McTiernan & Dubrow* (2005) 133 Cal.App.4th 1090, 1103 [it was appropriate to apply the same remedies to breach of fiduciary duty and violation of automatic temporary restraining order].) This is an abuse of discretion.

Wife argues that the value of the quasi-marital house was higher than the net proceeds, and she must therefore be awarded more than 100 percent of the net proceeds to reflect her true interest in the quasi-marital house. She further contends that clear and

convincing evidence support a finding of malice, oppression, and fraud. We disregard both arguments because they are not supported by citations to the record. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

II

*Evidence of Wife's Domestic Violence*

Husband contends the family court erred in excluding evidence of wife's domestic violence, including a videotape and husband's testimony. We agree the family court improperly excluded the videotape. We also note the family court prejudicially erred in failing to consider husband's request for domestic violence restraining order that was admitted into evidence. This is reversible error.

A.    *Additional Background*

Husband filed a request for domestic violence restraining order at the outset of the dissolution proceeding, alleging wife kicked and hit him. After a bifurcated trial on the parties' competing requests for domestic violence restraining order and child custody, husband dismissed his request with prejudice pursuant to the parties' agreement. This dismissed request was later admitted into evidence in the 2019 bench trial with consent from wife's counsel.

At the bench trial in August 2019, husband offered a videotape of wife's domestic violence. The family court refused to consider the videotape, stating: "I'm not going to have a domestic violence hearing. That's not the purpose of why you're here today. You're here today on – my understanding is to resolve the remaining property issues and spousal support and I believe attorney's fees." Defendant also attempted to describe wife's domestic violence twice at trial, but the family court sustained wife's objection each time.

In its January 2021 order, the family court noted "the parties each filed competing requests for domestic violence restraining orders against the other" but "[t]he family court has never made a finding of abuse perpetrated by one party against the other." It

7

further found that "[n]o evidence was submitted for the court to determine which spouse was the primary aggressor to assist this Court in its determination as to whether or not an adjustment to spousal support is necessary or required."

B.    *Analysis*

In ordering spousal support, the family court "shall consider" all of the circumstances in section 4320.  These factors include "[a]ll documented evidence of any history of domestic violence . . . between the parties . . . including, but not limited to, consideration of:  (1) A plea of nolo contendere.  (2) Emotional distress resulting from domestic violence perpetrated against the supported party by the supporting party.  (3) Any history of violence against the supporting party by the supported party.  (4) Issuance of a protective order after a hearing pursuant to Section 6340.  (5) A finding by a court during the pendency of a divorce . . . that the spouse has committed domestic violence."  (§ 4320, subd. (i).)  Failure to consider applicable factors in section 4320 is reversible error.  (*In re Marriage of Deluca* (2020) 45 Cal.App.5th 184, 195 (*Deluca*).)

The court in *In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481 examined the meaning of "documented evidence" in section 4325, subdivision (b), which allows a convicted spouse to rebut the presumption against an award of spousal support by documented evidence of domestic violence perpetrated by the other spouse.  It concluded "documented evidence" as used in section 4325 "is evidence in the form of a writing" within the meaning of Evidence Code section 250, which includes video recordings but excludes testimonies.  (*Brewster & Clevenger*, at pp. 503-505.)  We hold the "documented evidence" in section 4320 has the same meaning.

Here, the family court erred in excluding the videotape because it was documented evidence of wife's domestic violence.  The family court also erred in failing to consider husband's request for domestic violence restraining order, which was admitted into evidence with consent from wife's counsel.  Although the request was dismissed with prejudice pursuant to the parties' agreement, nothing in the agreement prevented the trial

8

court from considering the requests in determining spousal support. The agreement was made to resolve the parties' competing requests for domestic violence restraining orders and child custody issues, not requests for spousal support. Despite admitting the restraining order request, the family court stated in its order that the parties submitted "[n]o evidence" of domestic violence to assist it in determining spousal support. Its failure to consider the documented history of wife's violence against husband is reversible error. (§ 4320, subd. (i)(3); *Deluca, supra*, 45 Cal.App.5th at p. 195.)

Because we reverse the family court's spousal support order, we need not address whether the family court also erred in finding that spousal support payments made by husband before the April 2021 order were not tax-deductible by husband.

### III

### *Wife's Claims of Error*

In her brief, wife contends that the family court erred in: (1) failing to award remedies for husband's breach of fiduciary duty; (2) failing to characterize a property husband purchased after the divorce as community property; (3) failing to characterize the quasi-marital house as community property; and (4) determining that the value of the quasi-marital house was equivalent to the sale amount. She also asks us to consider husband's failure to make payments pursuant to the family court's orders. We decline to consider these arguments on husband's appeal. "As a general matter, 'a respondent who has not appealed from the judgment may not urge error on appeal.' " (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439.) " 'To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants.' " (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585.)

### DISPOSITION

The family court's October 2019 order and August 2021 order are reversed. The matter is remanded for the family court to reconsider the issues of division of quasi-marital property and spousal support, and decide the tax deductibility of husband's

9

spousal support payments in the new spousal support order.  Husband shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


            /s/ \
            MESIWALA, J.


We concur:


 /s/ \
EARL, P. J.


 /s/ \
KEITHLEY, J.[*]

---

[*]  Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.